[No. 12989.  Department Two.  August 14, 1916.]

FRED B. FREELAND, *Appellant,* v. MYRTLE B. FREELAND, *Respondent.*[1]

DIVORCE—CHILDREN—AWARD OF CUSTODY—MODIFICATION—DISCRETION—REVIEW.  A refusal to vacate a decree awarding the custody of a child in divorce proceedings will not be disturbed on appeal as an abuse of discretion, where the trial court heard the original case and had the witnesses before him, and it is not reasonably plain that the welfare of the child requires the change; and it is not sufficient that a mother had been indiscreet with other men, in the absence of any moral turpitude.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 26, 1915, denying petitions for the modification of a decree of divorce, tried to the court.  Affirmed.

*Losey & Newton,* for appellant.
*Charles P. Lund,* for respondent.

FULLERTON, J.—In an action for divorce brought by Fred B. Freeland against Myrtle B. Freeland, a decree was entered in favor of plaintiff on August 4, 1914, and the custody of their minor child was awarded to each parent alternately for periods of six months, the father being given the custody for the first six months.  On January 7, 1915, the plaintiff filed a petition for a modification of the decree as to the custody of the child, on the ground that the defendant, by reason of misconduct occurring subsequent to the decree, was not a suitable person to have the custody of the child.  The defendant filed an answer and cross-petition asking the exclusive custody of the child.  These petitions were heard before the judge who had granted the divorce and decreed the divided custody of the child.  At the conclusion of the hearing, the judge found that there had been no change in

[1]Reported in 159 Pac. 698.

the condition of the parties from that which existed at the
time of the entry of the decree in the divorce action, and that
the defendant was a fit and proper person to have the care
and custody of the child in accordance with the terms and
conditions of such decree.   An order was thereupon entered
dismissing the petitions of each party, and directing that the
original decree remain in full force and effect.   The plaintiff
appeals.

The appeal presents but one question, namely, does it ap-
pear from the evidence introduced at the hearing that the
trial court was guilty of an abuse of discretion in refusing
to modify its original decree touching the custody of the
child.   It must be borne in mind that the petitions were heard
by the judge who had tried and determined the divorce ac-
tion; that he was conversant with the facts developed in the
divorce proceedings, and that he had the witnesses before him
in the present action, and was in a better position to pass
upon their credibility than is this court.   Under such cir-
cumstances, we have heretofore held that an appellate court
should not disturb the order of the trial court, unless it is
made reasonably plain by the evidence that the welfare of
the child requires it.   *Dyer v. Dyer*, 65 Wash. 535, 118 Pac.
634; *Rogers v. Rogers*, 81 Wash. 502, 142 Pac. 1150; *Sim-
mons v. Simmons*, 22 Cal. App. 448, 134 Pac. 791.

The proofs of the appellant were to the effect that respond-
ent had been indiscreet in her conduct with men subsequent
to her divorce.   Nothing, however, was established showing
moral turpitude on her part.   But the fact that the conduct
of a mother is not what others might think the most proper
is not sufficient of itself to deprive her of the right to the
permanent or periodic custody of her minor child.   Mother
love is a dominant trait in even the weakest of women, and
as a general thing, surpasses the paternal affection for the
common offspring, and moreover, a child needs a mother's
care even more than a father's.   For these reasons, courts
are loath to deprive the mother of the custody of her chil-

dren, and will not do so unless it be shown clearly that she is so far an unfit and improper person to be entrusted with such custody as to endanger the welfare of the children.   In the present case, we are satisfied that no sufficient showing has been made for a modification of the original decree.

The judgment is affirmed.

MOUNT, HOLCOMB, MAIN, and PARKER, JJ., concur.