[No. 19260. *En Banc.* January 13, 1926.]

FAY M. PROTHERO, *Appellant,* v. F. A. PROTHERO, *Respondent.*[1]

[1] DIVORCE (100)—CUSTODY OF CHILDREN—GROUNDS FOR AWARD. It is error, in awarding a divorce, to take children of the age of eight and three years from the custody of their mother and award them to elderly grand parents of the husband, where it is not clearly shown that the mother is an unfit and improper person to be intrusted with their custody.

[2] DIVORCE (78, 106)—DISPOSITION OF PROPERTY—SUPPORT OF CHILDREN. In awarding the custody of children of tender years to their mother, a tract of land deeded to her by her husband should be awarded to her; and the husband, an able bodied man and capable of earning a reasonable income, should be required to pay thirty dollars a month for the children's support and education.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 12, 1924, upon findings in favor of the defendant, in an action for divorce and the custody of children, tried to the court. Reversed.

*C. T. McDonald,* for appellant.

[1]Reported in 242 Pac. 1.

MAIN, J.—The plaintiff brought this action for a divorce from her husband. The defendant answered and by cross-complaint sought a divorce as against the plaintiff. The trial resulted in an interlocutory decree of divorce in favor of the cross-complainant and against the plaintiff. The custody of the children was awarded to the parents of the cross-complainant, the grandparents of the children, and certain property was set over to the cross-complainant in trust for the children. From this decree the plaintiff appeals.

The parties were married in the year 1914, and as a result of this marriage two children were born, both girls, who at the time of the trial were three years and eight years of age. During much of the married life of the parties, the appellant worked to help support and maintain the family. In the fall of 1922, she went to Wenatchee to work during the apple harvest season. While there the respondent claims that she was guilty of certain indiscretions, and casts aspersions upon her conduct. In December of that year the parties settled their differences and resumed marital relations, which continued for about four months, when the respondent abandoned the appellant and his children and ceased to live with them. Whatever improper conduct, if there was any, the appellant had been guilty of prior to the time when the marriage relations were resumed in December of 1922 the respondent condoned. Subsequent to that time, the record furnishes no evidence which would justify any imputation against the appellant's conduct. The five acre tract of land located in Greenacres, Spokane county, upon which the parties resided, had by the respondent been deeded to the appellant. After the respondent abandoned the appellant and the children and prior to the time of the trial, he contributed very little to their support. The appellant

worked in order to support herself and the children. Some of the neighbors testified that the appellant was a good mother and was diligent in looking after not only the material, but the spiritual, welfare of the children. By the decree, as stated, the custody of the children was given to the father and mother of the respondent, who undoubtedly are good people, but well advanced in years.

[1] It would serve no useful purpose to particularly detail the evidence of this distressing story of an unfortunate marital venture. We are unable to arrive at the same conclusion as did the trial court. Before children of the tender age of those here to be considered are to be taken from the mother and given to others, it should be shown clearly that the mother is an unfit and improper person to be intrusted with their custody. In *Freeland v. Freeland*, 92 Wash. 482, 159 Pac. 698, it was said:

"But the fact that the conduct of a mother is not what others might think the most proper is not sufficient of itself to deprive her of the right to the permanent or periodic custody of her minor child. Mother love is a dominant trait in even the weakest of women, and as a general thing, surpasses the paternal affection for the common offspring, and moreover, a child needs a mother's care even more than a father's. For these reasons, courts are loath to deprive the mother of the custody of her children, and will not do so unless it be shown clearly that she is so far an unfit and improper person to be entrusted with such custody as to endanger the welfare of the children. In the present case, we are satisfied that no sufficient showing has been made for a modification of the original decree."

Likewise it might be said in the present case that there is no sufficient showing to justify the taking of the children from the mother and giving them to their grandparents.

[2] The five acre tract of land referred to was, as stated, given to the husband to be used for the benefit of the children. This should be awarded to the appellant. In addition the respondent should be required to pay into the registry of the superior court the sum of $30 on the 10th day of each and every month for the maintenance, support and education of the children. He is apparently an able bodied man and capable of earning a reasonable income. He should be required to assist in the support of his children.

The interlocutory decree awarding a divorce to the respondent upon the cross-complaint will not be disturbed, though it may be said that the evidence is such that, had the trial court given the divorce to the appellant upon her complaint we in all likelihood would have approved it.

The judgment will be reversed, and the cause remanded with directions to enter a decree as herein indicated.

TOLMAN, C. J., MITCHELL, ASKREN, HOLCOMB, MACKINTOSH, and FULLERTON, JJ., concur.