[No. 20539.   Department Two.   August 25, 1927.]

EMMA McDANIEL, *Appellant,* v. FREMONT McDANIEL
*et al., Respondents.*[1]

[1] DIVORCE (104)—CUSTODY OF CHILDREN—MODIFICATION OF ORDER.
The remarriage of the wife, against whom a divorce is granted,
is not alone such a substantial change in conditions as to show
an abuse of discretion in refusing to change the custody of
minor children, awarded temporarily to grandparents presump-
tively on sufficient reasons.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered November 20, 1926,
denying a petition for the modification of a decree of
divorce as to the custody of children. Affirmed.

*P. D. Smith,* for appellant.

*W. E. Grant,* for respondents.

PARKER, J.—The plaintiff, Mrs. Forsyth, formerly
Mrs. McDaniel, seeks modification of the decree of
divorce dissolving the bonds of matrimony existing
between her and her former husband, the defendant,
Mr. McDaniel, as to the custody of their two minor
sons. A trial in the superior court for Okanogan
county, upon the merits of her application, resulted in
a denial of the relief prayed for by her and the entry
of an order accordingly, from which she has appealed
to this court.

On July 1, 1924, in an action commenced in the su-
perior court for Okanogan county by Mrs. McDaniel
seeking a divorce from Mr. McDaniel, in which he
answered, also seeking a divorce from her, there was
rendered an interlocutory decree adjudicating that he
was entitled to be awarded a decree of divorce from
her, and, upon the expiration of the six months' statu-

[1]Reported in 258 Pac. 1026.

tory period, a final decree should be accordingly entered. That interlocutory decree provided that, until the further order of the court, the custody of their two minor sons should be with their grandparents, the father and mother of their father, Mr. McDaniel, he to compensate the grandparents for the care and custody of the sons. This was evidently an awarding of their custody according to his wishes. She was awarded the right to visit the sons at all reasonable times.

On December 18, 1925, some seventeen months after the rendering of the interlocutory decree, a final decree of divorce was accordingly rendered in that action. There seems to have been no cause for such delay in the entry of the final decree other than oversight or neglect. However, immediately upon the entry of the final decree of divorce, Mrs. McDaniel was married to Mr. Forsyth, and immediately thereafter, she made this application to the superior court for Okanogan county for the modification of the divorce decree by the awarding of the minor sons to her.

[1] The only substantial change in conditions touching the respective parties, and the question of the proper custody of the minor sons pleaded or shown by the evidence, is the marriage of Mrs. McDaniel to Mr. Forsyth, and her claimed establishment of a home as the result thereof, where she can care for the sons. The evidence renders it plain that the sons are, in all respects, well cared for and are doing well in the home of their grandparents, and that the mother is free to visit them there at all reasonable times. We are not advised by the record brought here of the cause for the awarding of the sons to the custody of their grandparents by the decree of divorce, but we must assume that the trial court was fully justified in so disposing of them until further order of the court. The fact that

Mr. McDaniel was awarded the decree of divorce, evidently as the injured party, of course suggests that the trial court had good reason for so disposing of the question of the then custody of the sons. Our reading of the evidence presented upon the hearing of this application convinces us that we would not be at all warranted in holding that the trial judge abused his discretion in denying this application; especially in view of the fact that he was the same trial judge who heard the original divorce action and rendered the interlocutory and final decrees therein. The question of the custody of the sons is still an open one, and is so regarded by the trial judge, to be further considered in the light of changed conditions already shown, and which may be further shown upon future application.

The order appealed from is affirmed.

HOLCOMB, MAIN, MITCHELL, and FRENCH, JJ., concur.