[No. 21122.   Department Two.   June 15, 1928.]

WILLIAM LESLIE BIGELOW, *Respondent*, v. RUBY C.
BIGELOW *(now Smith), Appellant.*[1]

[1] DIVORCE (104)—CUSTODY OF CHILDREN—MODIFICATION OF DECREE.
    After award of the custody of children to the injured party, a
    refusal to change the custody will not be disturbed on appeal
    unless the interests of the children require it.

Appeal from an order of the superior court for King
county, Moriarty, J., denying a modification of a
divorce decree awarding custody of minor children.
Affirmed.

*Mark H. Litchman,* for appellant.

*A. J. Collett,* for respondent.

PER CURIAM.—This appeal is from an order of the
trial court denying a petition of appellant for a modi-
fication of a decree of divorce upon the grounds of
alleged changed conditions.

November 19, 1924, respondent was granted a decree
of divorce and awarded the custody of the two minor
children of the parties, Thesa Florence Bigelow, then
four, and Elizabeth Josephine Bigelow, then three
years of age, with the privilege to the mother of visit-
ing and seeing the children at reasonable times.

The petition was verified by appellant on August 10,
1927, among other things alleging that, two days
before, she had married one Robert Smith; that since
the decree of divorce had been granted her condition
financially had been greatly improved, so that she was
able to care for the children; that her present husband
was in full sympathy with her petition; that he was
well able to assist in caring for the children and desired

¹Reported in 268 Pac. 597.

that the custody of the children be given to the petitioner; that, during the time respondent had had the custody of the children, eleven different persons had the children to board and lodge; and that petitioner was better able to care for them than any of the eleven persons who had had them.

Other minor matters are alleged, and the entire record and every word of the statement of facts has been read with care.

[1] The fact that respondent was awarded the decree of divorce, evidently as the injured party, and the custody of the children, of course, suggests that the trial court had good reason for so disposing of the custody of the infant daughters. *McDaniel v. McDaniel,* 145 Wash. 54, 258 Pac. 1026. The interests of the children, of course, are paramount; but since the parents are divorced, the children must be in the custody of one or the other. They cannot have both the father's directing influence and the mother's gentle care and affection. *Delle v. Delle,* 112 Wash. 512, 192 Pac. 966, 193 Pac. 569.

While the appeal and plea made to us, both by briefs and oral argument, are fervently earnest, we can see no reason for disturbing the judgment of the trial court.

Affirmed.