[No. 22526. Department Two. December 2, 1930.]

LAURA P. BROESCH, *Appellant*, v. EMIL O. BROESCH, *Respondent*.[1]

[1]Reported in 293 Pac. 464.

*C. T. McDonald,* for appellant.
*Wm. Hatch Davis,* for respondent.

Beals, J.—The parties to this proceeding intermarried April 5, 1921, and remained husband and wife up to June 12, 1928, when a final decree of divorce was entered, dissolving the bonds of matrimony which had theretofore existed between them. By the interlocutory order entered in this action November 29, 1927, which was in all things confirmed by the final decree hereinabove mentioned, the court reserved to itself the custody of the only child of these parties, Theodore H. Broesch, who was then between four and five years of age, the court designating a lady in the city of Spokane with whom the child should live and be maintained at the expense of the defendant, Emil O. Broesch, until the further order of the court.

September 25, 1929, defendant filed in this action his petition setting forth that he had established his residence in the town of Connell, Franklin county, Washington, where he had a good business, and where he was, with the assistance of a married sister, able and willing to care for his son, his prayer being that the custody of the child be awarded to him. Plaintiff, Laura P. Broesch, answered this petition, and the matter was, after hearing, by the trial court continued to January, 1930, when the hearing was resumed, both parties to the action then asking for the custody of the child.

January 23, 1930, an order was entered vesting the temporary custody and control of the minor, "subject at all times to the jurisdiction and supervising control and order of" the superior court, in the defendant, who was authorized to take the child to his home in Connell. By this order defendant was required to bring the child one day each month to Spokane, dur-

ing which visit plaintiff should have her son with her. From this order plaintiff appeals, contending that the trial court erred in denying her petition for the custody of her son and in awarding the custody of the child to defendant.

■ It appears that appellant has a son by a prior marriage, who is between fifteen and sixteen years of age, and that this lad was, a few years ago, for some delinquency, committed to the state training school at Chehalis. In the findings entered after the trial of this action, the court found that appellant's elder son had been guilty of an offense against the law, and that, since his discharge from the state training school, his conduct had not evidenced that any reformation in his character had taken place.

The court further found that it would not be advisable to award the custody of Theodore to his mother, as association with Theodore's half-brother would not be advantageous to the younger boy. From the evidence introduced at the trial of this proceeding, it appeared that the elder brother had been committed to the training school because of a robbery committed by him, appellant stating that if her elder son chose to return to her home he would be at liberty to become an inmate thereof. Appellant testified that she received $77.50 a month from the government, and that, up to the date of the hearing, she had no other source of income. Respondent did not attempt in any way to attack appellant's character or show that she was personally unfit to have the care and custody of her son, he relying upon his contention that from the testimony it appeared that the welfare of the child would be best served by the entry of an order similar to that which was actually made by the superior court.

Appellant relies upon the opinions of this court in the cases of *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698, and *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1. In the cases cited, the principle that courts are loath to deprive the mother of the custody of her minor children was recognized. This is a well known principle, and it is always with regret that courts in exceptional cases feel compelled to disregard it. Each case involving such a problem as is here presented must be decided upon its own peculiar facts, and the general principle recognized in the authorities relied upon by appellant does not control the situation here presented.

From the record it is evident that the different judges of the superior court for Spokane county, who have from time to time entered orders in this proceeding, have given the matter of Theodore's custody most thorough and conscientious study. The cardinal principle that the welfare of the child is the sole matter with which the courts are concerned in, from time to time, determining his custody, has been recognized throughout. A careful examination of the record convinces us that the order entered by the trial court provides, for the time at least, the best solution of the difficult problem which was presented for determination. The trial judge, after the first hearing, talked at length with the little boy, and, in awarding respondent the custody of his son, must have been influenced largely by knowledge gained from seeing and hearing the respective parties to this proceeding, as they testified in open court, as well as from his estimate of the character and needs of the child. Under these circumstances, the trial court was in a far better position than are we to determine which was the best of the several rather unsatisfactory plans advanced for the custody of the little boy, who is the unfortunate victim of the disagreement between his parents.

The order appealed from appears to us to follow the best plan suggested for Theodore's welfare, and is accordingly affirmed.

MITCHELL, C. J., FULLERTON, MILLARD, and MAIN, JJ., concur.