[No. 24477. Department Two. March 19, 1934.]

MAUDINA OSTRANDER, *Respondent*, v. ROMINE OSTRANDER, *Appellant*.[1]

*Danson, Lowe & Danson,* for appellant.
*Joseph L. Lavin,* for respondent.

TOLMAN, J.—The parties to this action were divorced by final decree entered January 17, 1930, which decree confirmed the provisions of an interlocutory decree theretofore entered. Those provisions, so far as now material, granted a divorce to the plaintiff wife, gave her the custody of the minor child with the right in the defendant to visit the child, and directed the defendant to pay seventy-five dollars per month for a specified period for the support of the plaintiff and

[1]Reported in 30 P. (2d) 658.

the child, and thereafter to pay fifty dollars per month in semi-monthly installments for the support of the child.

In June, 1932, the defendant filed a petition for a modification of the decree, setting out certain allegations of fact, and praying that he be awarded the custody of the child and be made wholly responsible for the support of the child. Issues of fact were raised by an answer to the petition, and on these issues a trial was had, resulting in an order denying the relief sought. The defendant has appealed from that order.

The errors assigned are, for the most part, based upon the refusal of the trial court to receive and consider certain testimony offered on behalf of the appellant, all tending to show, it is argued, improper conduct upon the part of the respondent.

To give a just and rational answer, has required a laborious study of the whole record, in order that we might get the proper setting and correctly determine the materiality of the rejected testimony and kindred questions. Also, it seems necessary to determine whether such testimony, if received, would probably have called for a different result.

The guiding principle in cases involving the custody of a child of tender years is, of course, the welfare of the child, and the natural rights of the warring parents must not be permitted to cloud that issue.

Without entering into details, we have here the picture of a young woman, self-willed, unstable and indiscreet in some things, though, no doubt, an affectionate mother, who has been hampered through lack of income from maintaining a home for the child such as she recognizes that he needs.

From the time the parents separated until about October 1, 1930, the child was boarded out at various

places, and, although the mother visited him at frequent intervals and had him with her over night occasionally, yet he had no real home life with her, nor has he ever had since the divorce.

Since October, 1930, the boy has been, for the most part, with his paternal grandmother, under probably the best conditions possible in view of all of the circumstances. At about the time the proceeding started, the child was with his mother for a very short period of time, and on application of the appellant an order was duly entered, after notice and hearing, which provides:

"ORDERED, That said motion be, and the same is hereby granted and Maudina Ostrander is hereby required to forthwith deliver Donald Ostrander to the custody of Mrs. Bertha C. Semple and there leave him until the further order of the court, with the privilege of visiting him as she has heretofore, provided he is returned by 8 o'clock P. M.

"The above order effective until determination of the pending petition to modify the decree herein."

This order has never been set aside or revoked, but the question of whether it is now in force has not been presented, and is not now decided.

In rendering his decision at the time the case was first closed, the trial court said:

"It is clear to me that there is nothing here to justify the court in changing the order. The motion for modification of the decree will be denied. The court feels that the boy had a good home with his grandmother, Mrs. Semple, and he shall be permitted to remain where he is."

We are impressed with the wisdom of what the court then said.

Afterwards, the case was reopened, further testimony was received and offers were made to prove further facts, which offers the court denied, and those

are the rulings which are the basis of most of the errors assigned.

The facts offered to be proved were all as fully known to the appellant before the divorce action was tried as they were at the time of this hearing, and, though seemingly admitting that those facts should have been presented in the trial of the divorce action and could then have been presented as going to the fitness of respondent to have the custody of the child, yet it is now urged that they show a background in the light of which respondent's subsequent conduct should be judged, and for that reason the evidence should have been received. There is some force in this argument, and under some conditions we might hold the exclusion to be error.

Ordinarily, such matters, especially when the case has once been rested and then reopened, are within the discretion of the trial court, and this court will be slow to interfere unless manifest abuse appears. Here, there were shown plenty of incidents and grounds for inference, all tending against the fitness of respondent, but the trial court who heard her testimony and saw her demeanor accepted her denials and explanations. We cannot say that these old affairs, not considered serious enough to warrant contesting her right to the custody of the child at the proper time, if gone into in the present hearing would not have been equally explainable, or that her denials would not have been equally convincing. To direct the trial court to again reopen the case and hear the offered evidence and permit the respondent to meet the issues thus presented, would greatly prolong the litigation and increase the expense, without, apparently, affording any real ground to anticipate a change in the result. Under the conditions revealed by the record, we cannot say

that there was manifest abuse of discretion in respect to these matters.

We are very much more concerned with that assignment of error which challenges the result reached on the record as it stands.

The child is entitled to the love and care of both parents. To grant the petition and send the child to his father, in another state, would absolutely separate him from and deprive him of the mother's care and attentions and at an age when he would soon forget that he has a mother.

While appellant's present wife is undoubtedly a good woman and a good mother, and would do her best to supply the place of the natural mother, still she is not the mother of the child. The law should not divorce a child of tender years from his mother if there is any way to avoid such a drastic procedure.

If the application were to award the custody of the child to the paternal grandmother, with the privilege of visitation to both parents, we would not hesitate to approve. That issue is not here presented, and we can only commend the thought expressed by the trial court:

"The boy had a good home with his grandmother, Mrs. Semple, and he shall be permitted to remain where he is."

Finding no error, the judgment is affirmed.

HOLCOMB, GERAGHTY, and MAIN, JJ., concur.

BEALS, C. J., dissents.