[No. 24850. Department One. May 2, 1934.]

DOROTHY ADA STANDISH, *Respondent,* v. RAY E. STANDISH, *Appellant.*[1]

*Rex S. Roudebush,* for appellant.
*Lloyd & McGavick,* for respondent.

[1]Reported in 32 P. (2d) 110.

MILLARD, J.—The parties to this cause were divorced by final decree entered November 29, 1930, which decree confirmed the provisions of an interlocutory decree entered in May, 1930. Those provisions granted a divorce to both the plaintiff wife and the defendant husband, gave to the husband the custody of the two minor children with the right in the mother to visit the children, and divided the community property between the parties. The husband was not required to make provision for the support of the wife.

The trial court found that both parties were fit and proper persons to have the care and custody of the children, but that the husband was better situated than the wife to see that the children, who were under the care of the defendant's mother, received proper care and attention. None of the findings, which, so far as material, read as follows, in any way reflects on the character of the wife:

"Two children have been born as the issue of the marriage between the plaintiff and the defendant. The names and ages of said children are as follows: Beverly Jean Standish, now about three years old, and Ray E. Standish, now about nineteen months old. Said children are being properly cared for by the mother of the defendant who is furnishing said children a good home in Anacortes; said children are receiving much better care and attention than they received during the time they were cared for by the plaintiff and the party who looked after said children after the parties herein separated. The court finds that the defendant and cross-plaintiff is a fit and proper person to have the care and custody of said children and that he is better situated to see that they receive proper care and attention than the plaintiff. The Court further finds that said children should remain in the custody of the defendant until further order of the Court. . . ..

"The Court finds that there has been quarreling between the plaintiff and the defendant and that a condition exists which renders it impossible for the parties

herein to live together and that the parties have lost all love and affection for each other. The Court further finds that life has become burdensome and unbearable for both parties as the result of an estrangement which has existed and that the welfare of the two small children makes it necessary to grant a divorce between the parties herein.

"The Court further finds that the defendant since his marriage to the plaintiff, has been and is a hardworking and industrious young man and that he has at all times done his best to maintain a home for his family and that all of his earnings since his marriage have been devoted to the payment of expenses incident to the support of his family, and that most of the financial difficulties of the parties have come from an unwise move from Chewelah, Washington to Tacoma some two years ago; said move was made because the plaintiff was not satisfied to live in a small town."

In July, 1933, proceedings were instituted by the plaintiff for a modification of the decree so as to award to her the custody of the minor children. The trial court found:

"That the conditions of the parties have materially changed since the entry of the decree herein sought to be modified; that at the time of the granting of the decree, plaintiff was without a home or the means to provide a home in which to care for said children, but that since said time, that is, within the last few months, she has remarried; that she is now married to a husband of good character, apparently hard-working and industrious, who has for a long time been employed and is now employed as shipping clerk for the Federal Meat Company, a large business institution in the City of Tacoma, earning a salary of $40.00 per week; that he has provided a well furnished apartment of ample space and accommodation in a good neighborhood in which to provide for said children, and has stated to the court his willingness so to do. That there is no record of any misconduct on the part of plaintiff, and that she is a fit person to have the care, custody and control of said minor children.

"The court finds that the moral and physical surroundings in the home of the plaintiff are proper and suitable for the up-bringing of said minor children."
and entered an order granting the relief sought. The defendant has appealed from that order.

It fairly appears that, at the time the divorce was granted, the respondent was without means of support, and that the appellant's financial condition was the same. Doubtless, that was the reason no order was entered directing the husband to provide the means which would have enabled the mother to devote her time to the care of her children. It is a reasonable inference that the straitened circumstances of the father and mother induced the court to place the children in the home of the appellant's mother.

It may be, as appellant claims, that his mother and two sisters are able and willing to provide a home for the children. It appears, however, that the mother of the two children is now financially situated so that she can provide a home for the children. In such a case, if the mother is a fit and proper person to care for the children—there is no showing that she is not—the natural mother will not be deprived of her children of such a tender age.

"While appellant's present wife is undoubtedly a good woman and a good mother, and would do her best to supply the place of the natural mother, still she is not the mother of the child. The law should not divorce a child of tender years from his mother if there is any way to avoid such a drastic procedure." *Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658.

The trial court visited the respondent's home. The trial court was convinced by the personal visit and by the testimony of people (as stated in the memorandum decision) "that the court knows—that the court has the utmost confidence in—parties, that there would be

no hesitancy on the part of the court in believing whatever they might say as being the full and exact truth," that the home was in a decent neighborhood and suitable for the two children, and that the respondent is a fit and proper person to care for her two children.

The trial court was in a better position than we to pass on the credibility of the parties and the witnesses and the question of the fitness of the mother in the matter of the custody of her children. We have consistently held that, unless we can say from our examination of the record—we can not so say in the case at bar—that the court abused its discretion in exercising its judgment, that judgment will not be disturbed.

The order from which the appeal is taken is affirmed.

MAIN, MITCHELL, and STEINERT, JJ., concur.

BEALS, C. J., dissents.

## ON REHEARING.

[*En Banc.* October 9, 1934.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the opinion heretofore filed herein.