[No. 26379. Department Two. December 14, 1936.]

EARLEEN AYERS, *Appellant*, v. FOREST G. AYERS, *Respondent*.[1]

*H. A. LaBerge*, for appellant.
*Elizabeth Shackleford*, for respondent.

HOLCOMB, J.—On April 18, 1932, in an uncontested divorce suit, a final decree of divorce was entered by the superior court of Yakima county, confirming an interlocutory decree theretofore duly entered, awarding the custody of the two children born of the marriage to plaintiff, appellant here, as a fit and proper person to have their care and custody, namely: Janice

[1]Reported in 62 P. (2d) 1358.

Patricia Ayers, born July 31, 1928, and Gerald Forest Ayers, born November 28, 1930.

On May 2, 1936, respondent petitioned the court below for a modification of the formal, final decree to obtain the custody of the two children upon certain stated grounds, some of which will not be mentioned here, since they were not found to be true by the trial judge. Among other things, it was alleged that respondent is now better able to care for the children, that appellant has removed to San Francisco, California, is now married again, and her present name is Earleen Ayers McCarthy.

Other litigation has been instituted against appellant by Mrs. Nichols, her own mother, of Yakima, to take the legal custody of the children from her. Appellant instituted two other actions to obtain custody of the children, the last on October 29, 1935. We do not consider it necessary to go into details of those actions which resulted in no change. This only discloses considerable hostility between appellant and her mother as well as between appellant and her former husband over the care and custody of these innocent children.

The trial court heard respondent's petition for modification on May 9, 1936, and on May 16, 1936, signed an order giving the custody of the children to respondent if he established a home in Yakima county within thirty days, but giving the custody of the children to appellant if respondent did not so qualify. On June 9, 1936, respondent showed the court that he had found employment in Yakima and that he and his children were living with his mother, Mrs. Myra A. Ayers, a widow about fifty-six years of age, who owns her home in Yakima. No one else resides with them, and the mother testified that she is satisfied with the

arrangement. On June 17, 1936, the court entered an order giving respondent the permanent custody of the children.

This court has consistently held that the welfare of the children in such cases is paramount. *MaGill v. MaGill,* 133 Wash. 597, 234 Pac. 273; *Bigelow v. Bigelow,* 148 Wash. 138, 268 Pac. 597; *Pressey v. Pressey,* 184 Wash. 191, 50 P. (2d) 891.

An important factor in this case is that the mother has remarried, has other ties and duties, and lives in another state out of the jurisdiction of the courts of this state.

We have, also, consistently held that, when the parents are divorced, the children must be given into the custody of one or the other. *Bigelow v. Bigelow, supra; Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658; *Standish v. Standish,* 177 Wash. 478, 32 P. (2d) 110, 36 P. (2d) 1119. Cf. *Trusley v. Trusley,* 186 Wash. 23, 56 P. (2d) 676.

As was said in several of those cases, the trial court was in a better position than we to pass on the credibility of the parties and the witnesses and the question of the fitness of one parent or the other to have the custody of the children. Unless we can say from our examination of the record, which we cannot do in this case, that the court abused its discretion in exercising its judgment, that judgment will not be disturbed.

The comparatively short record of one hundred pages has been carefully studied in this case. Each such case must usually depend upon its own facts. There is no preponderance of evidence against the conclusions reached by the trial court, and they will not be disturbed.

The judgment is affirmed.

TOLMAN, MITCHELL, and BEALS, JJ., concur.

MILLARD, C. J. (dissenting)—It clearly appears to me from my reading of the record that the trial court abused its discretion. No good purpose would be served by a review of all of the evidence, hence I merely register my dissent. The judgment should be reversed.