[No. 27775. Department Two. January 15, 1940.]

CLARA A. PHELPS, *Appellant,* v. CLAY D. PHELPS, *Respondent.*[1]

[1] Reported in 97 P. (2d) 1080.

*Earl V. Clifford,* for appellant.

*Lynn J. Gemmill,* for respondent.

STEINERT, J.—The question involved on this appeal is whether the findings of fact support certain conclusions of law and certain provisions of an interlocutory decree of divorce.

Appellant brought suit for divorce from respondent on the ground of mental cruelty, and in her complaint asked that she be awarded the custody of their two children, a son and a daughter, aged respectively eight and ten years, and further prayed for general relief. Respondent answered by way of general denial and cross-complaint, but later withdrew his affirmative pleading.

After hearing the evidence, the court made findings of fact as follows:   (1) That for more than two years immediately preceding, respondent had, without reason or justification, criticized appellant in and about the home, had treated her with indifference, and had been guilty of mental cruelty toward her; (2) that *respondent* was a fit and proper person to have the custody and control of the two children; and (3) that the community property consisted of a dwelling house, subject to a mortgage of $525, a lease on sixty-four acres of land, livestock comprising seven head of

cattle, forty hogs, and one horse, and certain household furniture.

From these findings, the court concluded that appellant was entitled to an interlocutory decree of divorce on the ground of mental cruelty, but that respondent was entitled to have awarded to him the custody and control of the two children and the title to all the community property. In conformity with the conclusions, an interlocutory decree was entered.

No statement of facts appears in the record, and we have before us merely a transcript which includes the complaint, findings, conclusions, and interlocutory decree.

Appellant correctly presents the following as being a statement of the questions involved:

"(1) Where on trial of a wife's action for divorce the evidence is not preserved but the wife is awarded a divorce on findings of mental cruelty, but no findings are entered as to the welfare of small children and fitness of the mother, will a finding only of fitness of the father support an award of their custody to him?

"(2) Likewise can an award of all the community property to the husband stand where there is no finding regarding such an award?"

Respondent's counterstatement frames the question somewhat differently, namely, whether it is necessary, in a divorce case, that the findings set forth the evidence supporting an award of the children to the father and an award of all the community property to the husband.

Rem. Rev. Stat., § 988 [P. C. § 7507], provides that, in an action for divorce, the court must make findings of fact and conclusions of law.

■ In answer to respondent's query, we will say that it is not necessary that the findings state the evidence or the evidentiary facts, but only the ultimate facts concerning the material issues in the case. *Keller*

*v. Waddington,* 142 Wash. 474, 253 Pac. 646; *Walters v. Munson,* 176 Wash. 469, 30 P. (2d) 224.

However, the material issues in this case were not confined to the mere matter of the right to a divorce, but also specifically raised the question as to the proper disposition of the children and the community property of the spouses. The findings declared that respondent had, without reason or justification, been guilty of mental cruelty toward appellant. Then, without declaring appellant's unfitness to have the children, and without even referring to their welfare, the findings merely stated that respondent was a fit and proper person to have the care and custody of them. With reference to the community property, the findings merely designated and identified it, but were wholly silent as to any fact from which it could be concluded that the property should be awarded in its entirety to respondent. In our opinion, the findings were not sufficient to support the conclusions as to those issues.

We have uniformly held that the mother is not to be deprived of the custody of her children, particularly if they be of tender age, unless it is clearly shown that she is so far an unfit and improper person that her custody of them will endanger their welfare. *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658; *Standish v. Standish,* 177 Wash. 478, 32 P. (2d) 110, 36 P. (2d) 1119.

The evidence in this case may, or may not, have met the requirement; we cannot tell, for the evidence is not before us. But, in any event, the findings should have declared the ultimate facts in that respect, in order to afford a justification for the conclusions and interlocutory decree.

With reference to the community property, it may well be that the award to the husband was made because he was given the custody, and charged with the support, of the children, or because the debts of the community were greater than its assets, or for some other equally forceful reason supported by the evidence in the case; but this, likewise, we cannot determine, for the same reason given above. In any event, however, the findings should have stated the ultimate facts upon that issue.

We do not wish to be understood as saying, or even intimating, that the evidence before the court was not sufficient to warrant such findings of fact as would have supported the conclusions and interlocutory decree. We merely say that the findings should have recorded the ultimate facts from which we would be enabled to determine whether the conclusions and interlocutory decree were warranted and proper.

■ Appellant now asks no more than that the cause be remanded for the purpose of having sufficient findings made. We think that she is entitled to such relief. *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419; *Kietz v. Gold Point Mines, Inc.,* 198 Wash. 112, 87 P. (2d) 277.

The judgment is reversed, and the cause remanded with direction to the trial court to make findings in accordance with the views herein expressed, and to enter judgment thereon, from which either party may appeal.

BLAKE, C. J., BEALS, GERAGHTY, and JEFFERS, JJ., concur.