[No. 28373. Department Two. October 22, 1941.]

Oscar J. Eliason, *Respondent*, v. Edna Murray Eliason, *Appellant.*[1]

*Gerald D. Hile* and *Clifford Hoof*, for appellant.

*Marion Garland, Sr.*, and *Marion Garland, Jr.*, for respondent.

Simpson, J.—Plaintiff commenced this action seeking a divorce from his wife and a decree placing the minor child of the parties under the custody of plaintiff's mother. A trial upon the merits resulted in a decree awarding a divorce to each of the parties, and placing the child in the custody of plaintiff's mother until the further order of the court. Defendant was

[1] Reported in 118 P. (2d) 170.

reserved the right to visit her child at all reasonable and proper times and to take him with her on proper occasions. Defendant has appealed from that portion of the decree which took from her the custody of her son.

The principal assignment of error is that the court erred in refusing to award the care, custody, and control of the minor child to appellant.

This appeal presents but one question; namely, whether or not the trial court abused its discretion in refusing to award the custody of the minor child to appellant. The authority of the trial court to take children from their parents is contained in Rem. Rev. Stat., § 989 [P. C. § 7508]. Appellant contends, however, that this court is committed to the rule that children of tender years will not be taken from their mother unless it is clearly shown "that the mother is an unfit and improper person." *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Mason v. Mason,* 163 Wash. 539, 1 P. (2d) 885; *Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658.

To narrate the evidence would serve no useful purpose. It is sufficient to say that appellant neglected her child on numerous occasions, and conducted herself in a manner unbecoming for a mother. That respondent may have been partially to blame does not mitigate the effect of her actions. It should be stated, however, that appellant was not shown to have been guilty of any immoral conduct.

Nevertheless, we have always recognized the principle that the welfare of the child is of paramount consideration in ascertaining its custody. *In re Day,* 189 Wash. 368, 65 P. (2d) 1049; *Flagg v. Flagg,* 192 Wash. 679, 74 P. (2d) 189. Furthermore, in cases of *Burke v. Burke,* 153 Wash. 97, 279 Pac. 87, and *Broesch*

*v. Broesch,* 159 Wash. 409, 293 Pac. 464, this court has, while not in any way disregarding the rule for which appellant contends, modified it in special cases in order to give precedence to the rule that the paramount consideration of the courts is the welfare of the child.

In cases of this nature, we give great weight to the conclusions of the trial court. Consequently, its finding will not be changed unless an abuse of discretion patently appears. A careful search of the record convinces us that the court did not abuse its discretion in making the temporary award of appellant's son to his paternal grandmother. The court had all the witnesses before him; he was able to test their credibility and weigh their evidence in a manner denied to this court. From their behavior and attitude in the court room and from his intimate knowledge of many things concerning which the witnesses testified, he was able to arrive at a decision which satisfied him that the child should go to the grandmother until such time as appellant should prove to the court a determination to conduct herself in a manner in keeping with the duties of a mother.

At the close of the trial, the court indicated that if appellant could prove to him that she was conducting herself in a manner befitting to a mother, and that if appellant would request a return of the child at the end of one year from the signing of the decree, he would entertain her petition.

The judgment is affirmed.

ROBINSON, C. J., BEALS, and JEFFERS, JJ., concur.

BLAKE, J. (dissenting)—The majority point to no evidence of neglect of this child by its mother, and I am unable to find any in the record. The insinuation of misconduct on the part of appellant, in justification

for taking the child from her, seems to me to be refuted by the decree itself, wherein it is

"ORDERED, ADJUDGED AND DECREED, that the plaintiff, Oscar J. Eliason, be, and he hereby is, and the defendant Edna Murray Eliason, be, and she hereby is, granted an Interlocutory Decree of Divorce one from the other, and at the end of six months same to be made permanent in the manner and form provided by law on the motion of either party"—

upon the ground of cruelty of each toward the other.

To my mind, the evidence is utterly insufficient to justify taking a three year old child from its mother. The rule laid down and applied in *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698, should be applied here:

"But the fact that the conduct of a mother is not what others might think the most proper is not sufficient of itself to deprive her of the right to the permanent or periodic custody of her minor child. Mother love is a dominant trait in even the weakest of women, and as a general thing, surpasses the paternal affection for the common offspring, and moreover, a child needs a mother's care even more than a father's. For these reasons, courts are loath to deprive the mother of the custody of her children, and will not do so unless it be shown clearly that she is so far an unfit and improper person to be entrusted with such custody as to endanger the welfare of the children."

I dissent.