[No. 28778.  Department One.  October 24, 1942.]

JULIUS F. LICHTENBERG, *Respondent*, v. EDNA
LICHTENBERG, *Appellant*.[1]

*Stuart H. Elliott,* for appellant.

*Arthur F. Hoppe,* for respondent.

SIMPSON, J.—Plaintiff instituted this action for the purpose of securing a divorce from defendant.  After the action was started, defendant answered and filed a cross-complaint in which she asked for a decree of divorce.  Trial upon the merits resulted in a decree giving plaintiff the divorce and awarding him the small amount of community property and the custody of the two minor children.  Defendant was awarded thirty dollars per month for twelve months and her attorney's fees.  She has appealed.

[1]Reported in 130 P. (2d) 371.

The assignments of error are in giving the custody and control of the minor children and all the community property to respondent, and in failing to give appellant a decree on her cross-complaint.

The evidence was conflicting. Respondent's evidence showed that appellant had been for a long period of time addicted to the excessive use of intoxicating liquor; that on many occasions she was intoxicated; that she would frequently leave their home on weekends and would not return until Sunday or Monday of the following week; and that she took their two small children with her into a beer tavern and to other places where she would become intoxicated; and that at one time she was convicted of being drunk upon the streets of the city of Tacoma. His evidence further showed that appellant on several occasions wrongfully associated with other men and at one time engaged in a fight with a waitress in a beer tavern.

Appellant introduced evidence which refuted that given by respondent and his witnesses. She and several of her relatives testified that the charges of drunkenness and association with other men were untrue. She denied that the fight in the beer parlor was caused by her, but testified that she was assaulted by the waitress. Appellant admitted that she was arrested and spent some time in jail, but testified that the police arrested her because they thought she was a minor on the streets late at night. Appellant further stated that she was a loving and devoted mother and gave her children the best of care.

The record of the police court, admitted in evidence, showed that appellant was arrested on a charge of drunkenness, that she pleaded guilty and was "fined $15.00 and costs of $2.50 or 8 days, or a total of 8 days."

A disinterested witness testified concerning appellant:

"Q. Is there any particular occasion when you saw her? A. Yes, there is one that was when one of the waitresses had gotten into a hair-pulling affair with her; one of the waitresses asked if I would take her place, which I did, and she came in and the bartender told me to refuse her service. Q. Was she alone? A. If I remember right I believe she was with a soldier. Q. What took place when you refused to serve her? A. Well, she just could not see why I could not serve her and she went up to the bar and tried to get it, but she could not get it. Q. What was her condition? A. I never refuse any one unless I think she has too much. Q. She had too much? A. Yes, sir."

After a careful consideration of the evidence introduced, the trial court made the following findings of fact:

"That the defendant is now and for a number of years prior to the commencement of this action has been addicted to and used intoxicating beverages to excess, spends various periods away from home visiting relatives, where intoxicating beverages are served and which she consumes to excess, becoming drunk and disorderly, and also on these periods that she remains away from home and from her children, she frequents beer taverns drinking with strangers and frequents such taverns as the Swiss Village, Happy Days and Balholm Taverns, all of said taverns being located in the City of Tacoma, State of Washington.

"That upon one occasion defendant was apprehended by the police of the City of Tacoma on a downtown street after the hour of midnight, and charged with drunkenness, and arrested and incarcerated in the city jail and was fined on said charge;

"That upon another occasion, defendant engaged in a controversy with a waitress in the Swiss Village Tavern over a soldier, and engaged in a hairpulling contest with said waitress; and was refused service of beer and ordered to leave the premises;

"That unbeknownst to husband, defendant associated with men without his consent and of whom he did not know and that on one occasion while living on South 25th Street, defendant came home at two o'clock in

the morning in an intoxicated condition with a man known as Red Bonner, and when plaintiff made objection to said Red Bonner being in the company of his wife, he was struck by the said Red Bonner.

"That after a prior divorce action in which there was a reconciliation, defendant informed plaintiff that 'He was a sucker for taking her back.'

"That on the occasions of her escapades and while under the influence of intoxicating beverages, defendant neglected the care and welfare of her children;

"That plaintiff at all times while being married to the defendant has been a lovable and dutiful husband, industrious and hard working, and has always made provision for his family according to his means. . . ."

After reading the record made in this case, we are satisfied that the trial court properly weighed the evidence and that its findings were entirely justified.

■ Appellant contends that, in any event, she should be allowed the custody of her minor children, aged seven and eight and one-half years, for the reason that it was not proven that she was immoral. Her contention is based upon the holdings of this court in the following cases: *Freeland v. Freeland,* 92 Wash. 482, 159 Pac. 698; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Ostrander v. Ostrander,* 176 Wash. 669, 30 P. (2d) 658; *Standish v. Standish,* 177 Wash. 478, 32 P. (2d) 110; and *Phelps v. Phelps,* 2 Wn. (2d) 272, 97 P. (2d) 1080.

We are unable to find anything in those cases contrary to the holding of the trial court.

The rule to be followed in cases of this nature is contained in the following quotation from *Phelps v. Phelps, supra*:

"We have uniformly held that the mother is not to be deprived of the custody of her children, particularly if they be of tender age, unless it is clearly shown that

she is so far an unfit and improper person that her custody of them will endanger their welfare."

■ Another rule must also be borne in mind in cases concerning the custody of children, and that is that the welfare of the children is of paramount consideration in ascertaining their custody. *In re Day,* 189 Wash. 368, 65 P. (2d) 1049; *Flagg v. Flagg,* 192 Wash. 679, 74 P. (2d) 189; *Eliason v. Eliason,* 10 Wn. (2d) 719, 118 P. (2d) 170.

In the recent cases of *Eliason v. Eliason, supra,* and *Taylor v. Taylor,* 14 Wn. (2d) 293, 126 P. (2d) 855, this court sustained the actions of the trial courts in refusing to give to the mother custody of the minor children. There is more reason to question the custody by the mother in this case than in the cited cases.

We must conclude that the trial judge acted properly and for the best interests of the children when he gave them into the custody of the father.

Some contention is made relative to the refusal of the trial court to allow the introduction of further testimony after the conclusion of the trial. We have examined the motion and supporting affidavits concerning the offer, but conclude that there was no abuse of discretion in the refusal to continue the trial.

The judgment is affirmed.

ROBINSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.