[No. 31757. Department Two. December 20, 1951.]

ANNA COOPER, *Appellant*, v. ROBERT W. COOPER *et al.*, *Respondents.*[1]

*Dobson & Houser, Rummens, Griffin & Short,* and *Paul R. Cressman,* for appellant.

*Kennett, McCutcheon & Soderland,* for respondents.

FINLEY, J.—Mrs. Cooper initiated this action for a divorce. She asked for an equitable distribution of the community property of the parties and for the exclusive care, custody, and control of their minor child. By cross-complaint, Mr. Cooper asked for a divorce, a division of the community property, and the custody of the child. The trial court granted a divorce to Mr. Cooper upon his cross-complaint. A division was ordered of the property. He was given the care and custody of the child, subject to the right of Mrs. Cooper to visit the youngster on Sunday afternoons at certain specified hours, and at reasonable times on the child's birthday, Thanksgiving, Christmas, and New Year's Day.

[1] Reported in 238 P. (2d) 1204.

Mrs. Cooper has appealed, but only in so far as the decree deprived her of the custody of her son. She contends that the court erred in depriving her of custody and control of the *minor* child. Consequently, the question presented here is simply whether there was an abuse of discretion by the trial court in refusing to award the custody of the minor child to the mother, Mrs. Cooper.

Appellant maintains that the evidence could not support any finding that she was not a fit and proper person. She further urges that this court is bound by the rule that a child will not be taken from his mother unless it be shown clearly "that she is so far an unfit and improper person to be entrusted with such custody as to endanger the welfare" of the child. *Prothero v. Prothero*, 137 Wash. 349, 242 Pac. 1; *Ostrander v. Ostrander*, 176 Wash. 669, 30 P. (2d) 658; *Phelps v. Phelps*, 2 Wn. (2d) 272, 97 P. (2d) 1080.

It would serve no useful purpose to narrate the evidence. It is sufficient to say that on a number of occasions appellant found herself unable to cope with the care of her child; that on such occasions she relinquished the child voluntarily to his grandmother or others; that appellant interfered with proper arrangements for her child's welfare; and that at times, her conduct was quite unorthodox, to say the least. As the trial court stated in his memorandum opinion, " . . . it is quite possible that such actions of plaintiff were due in whole or in part to a mental or nervous condition from which she suffered." In this connection, it should be stated that there was no allegation or showing of any immoral conduct.

The welfare of the child is the paramount factor to be considered in custody cases. *In re Day*, 189 Wash. 368, 65 P. (2d) 1049; *Flagg v. Flagg*, 192 Wash. 679, 74 P. (2d) 189. The natural, primary custodial rights of mothers relative to younger children are emphasized and given recognition by the courts. Where there is some conflict between the two foregoing propositions, we give precedence to the principle that the paramount consideration of the courts is the wel-

fare of the child. *Burke v. Burke,* 153 Wash. 97, 279 Pac. 87; *Broesch v. Broesch,* 159 Wash. 409, 293 Pac. 464.

■ In cases like the one at bar great weight is given to the conclusions of the trial court, and its findings will not be changed unless an abuse of discretion patently appears. *Eliason v. Eliason,* 10 Wn. (2d) 719, 118 P. (2d) 170.

■ Upon reviewing this matter, it is our best judgment that the trial court did not abuse its discretion in awarding the custody of the child to his father. The trial judge saw and heard all the witnesses in this cause. Their credibility, the weight to be attributed their testimony, could be ascertained by him as a practical matter with somewhat more reasonable certainty and reliability than by us, with only the record before us for examination.

We are particularly impressed with the trial court's interpretation of the medical testimony as to appellant's mental health, and the possible or probable effect upon her health, and upon the well-being of the child, if appellant should be awarded custody. From the behavior, attitude, and testimony of the witnesses, the trial court arrived at a decision which satisfied him that the custody of the child should remain with the father, subject to specified visitation rights of the mother; that the father and the child's paternal grandmother have given the child good care; and that there would be a substantial risk involved in changing the child's custody now.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.