[No. 32112. *En Banc.* May 5, 1953.]

LEO S. LORANG, *Appellant*, v. CHARLOTTE MARIE LORANG, *Respondent.*[1]

*George Olson* and *George F. Ward,* for appellant.

*Mary E. Burrus,* for respondent.

OLSON, J.—Plaintiff has appealed from a decree denying his request for modification of the provisions of a modified

[1]Reported in 256 P. (2d) 481.

decree of divorce regarding the custody of the minor daughter of the parties.

The court held continued hearings upon this issue over a period of several months. At the conclusion of the last hearing, the court indicated that it intended to leave the child in the physical custody of defendant, but also announced that it desired to obtain the report of a probation officer who had been assigned to the case. Plaintiff did not object or request to examine the probation officer or to have his report made a part of the record. All he asked was that he be heard after the report was made.

After a short time, the court notified the parties, among other things, that:

"As both parties are well aware, I was able to have the competent assistance of Mr. Green of the Juvenile Court, and gave careful consideration to the recommendations which he made, based upon an extremely thorough investigation. His recommendation served to confirm the conclusion which I had already reached in the matter."

Plaintiff's first assertion on this appeal is that the court erred "in considering any report of Mr. Green without making the same a matter of record." We do not condone the receipt of an "out-of-court" report in any adversary proceeding, but, in this case, this error is of no avail to plaintiff for two reasons:

First, he failed to object or move in regard to the suggested procedure when it was brought to his attention, and must be said to have acquiesced in it. He approved the form of the findings and judgment submitted by defendant, and, apparently, he did not avail himself of the opportunity to be heard when they were presented.

Secondly, it clearly appears from the record that the decision of the court did not turn upon the report. In fact, at the conclusion of the last hearing, and before the report was received, plaintiff gave oral notice of his intention to appeal if an adverse decree was entered. The disposition of the case had reached such a stage of finality that plaintiff was not prejudiced by the procedure followed by the court.

The trial court made its findings of fact upon evidence which was admitted properly and included in the statement of facts on this appeal. The court found that defendant was a fit and proper person to have the custody of her minor child. Each case in which this issue is presented must stand upon its own facts. The welfare of the child is the paramount concern of the court.

On appeal, the findings and conclusions of the trial court are entitled to great weight and will not be disturbed unless an abuse of its discretion patently appears. *Cooper v. Cooper,* 39 Wn. (2d) 786, 787, 788, 238 P. (2d) 1204 (1951), and cases cited. Such a showing is not made in this case, and plaintiff's claims that the court erred in the findings made or declined are without merit.

During the last argument here, counsel for plaintiff urged us to remand this cause for further hearing because, as counsel agreed, defendant has now divorced the man she married shortly before the last hearing in the trial court. Defendant's relationship with this man was the principal reason plaintiff brought this proceeding. Defendant contends that the purpose of this request is to obtain a new trial, for which neither party has moved. We agree with her. Whether or not the fact relied upon by plaintiff warrants his filing a further petition for modification of the decree, need not be decided.

The decree is affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, DONWORTH, FINLEY, and WEAVER, JJ., concur.

HILL, J. (dissenting)—On the merits, I think the record before us demonstrates that the respondent is not a fit and proper person to have the custody of the child; however, I do not believe we can consider the merits. Appellant, by acquiescing in the consideration of Mr. Green's report (which is not a part of the record before us), has made it impossible to bring to this court all of the information and evidence on which the trial court acted. The appeal should therefore be dismissed.

MALLERY, J., concurs with HILL, J.