[No. 3093. Decided March 7, 1899.]

*In the Matter of* EMILY S. NEFF, CLARENCE A. NEFF, STUART S. NEFF, JR., *and* JOHN C. DORNIN.

PARENT AND CHILD—CUSTODY OF CHILDREN—EFFECT OF DIVORCE—MOTHER'S DISPOSITION BY WILL.

A mother cannot by testamentary disposition deprive the father of his natural legal right to the custody and control of their children, even though she had been awarded their custody in divorce proceedings.

A decree in divorce proceedings awarding the mother the custody of the children is temporary in its nature, and, on her death, the right of their father to their custody is renewed, and he cannot be deprived thereof unless so completely unfit that the welfare of the children imperatively demands another disposition of their custody.

The fact that children might be better provided for by strangers, to whose custody she had committed them at her death, would not deprive her divorced husband of his natural rights as a parent.

Appeal from Superior Court, Pierce County.—Hon. JOHN C. DENNEY, Judge. Affirmed.

*Pritchard & Haight (B. S. Grosscup,* of counsel), for appellant.

*Sheeks & Wickersham,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appeal from an order granting a writ of habeas corpus. Stuart S. Neff, the petitioner, and Anna K. Neff were married January 10, 1883. There were born of this union Emily S. Neff, Clarence A. Neff and Stuart S. Neff, Jr. The marriage was dissolved on the 27th day of February, 1895, by a decree of divorce in the superior court of Snohomish county, in an action brought by Anna K. Neff. The superior court, upon the dissolution of the marriage and in the decree granting the divorce, found that the three children were then, and had been before the commencement of the action, in the care and custody of the mother, Anna K. Neff, at her residence in the city of Everett, and the defendant, Stuart S. Neff, had for more than a year before the commencement of the action entirely failed to contribute anything to the support of plaintiff and the children, notwithstanding he was receiving a large salary, or prosecuting a successful business, and was able to support the plaintiff and her children; that the failure of defendant to support them was a violation of his marital duties and without excuse; and the court then found that Stuart S. Neff had no property and was not a fit person to have the care and custody of the children, and that the plaintiff had independent and separate property and was in all respects a fit person to have the care and custody of the children named; and ordered that the plaintiff, the mother, have the full guardianship, custody and control of the minor children, and

have charge of their education, subject only to the right of the defendant to visit them at such times and places as the plaintiff might deem proper. In 1894, the petitioner left for the East and had not seen the children since that time until about the time of the hearing of the petition for the writ. On the 15th of April, 1896, Anna K. Neff was married to John C. Dornin, with whom she lived as her husband and with whom the children made their home until June, 1898, when Mrs. Neff, then Mrs. Dornin, died at her home in Tacoma, leaving an estate the annual income of which was $1,100, and a will constituting her husband, John C. Dornin, trustee of her estate, and also the guardian of Clarence A. and Stuart S., Jr., and constituting by her will her mother, Emily D. Kennedy, the guardian of Emily S. Neff, her daughter. The will also directed that no portion of the income which should be payable to any of the children should, under any circumstances, be paid to the father (petitioner) of the three children, and she desired that he should have no care of their persons, and, if he should be able to obtain possession of their persons, no income should be payable to them or on their behalf while such possession continued. Mrs. Kennedy, the guardian of Emily S. Neff, resides in Philadelphia, and she at once placed Emily in Dornin's care until further arrangements could be made. Dornin was regularly appointed guardian of the persons and estates of the three children by the superior court of Pierce county. The children are all minors,—Emily aged fifteen, Clarence thirteen, and Stuart ten years of age. On the 12th of July, 1898, petitioner sued out a writ of habeas corpus, claiming that he had the right to the custody of the children as their father. At the hearing testimony was presented to the court from which it appears that the petitioner is a reputable business man in the city of Chicago, and has sufficient means to properly care for and

educate his children. It also appeared that Dornin, the second husband of their mother, had provided a comfortable home for the children pursuant to the wishes of his deceased wife, and that there was sufficient estate in connection with the home furnished by Dornin to comfortably provide for and educate the children. The court adjudged the children to their father, the petitioner.

As observed by the superior court, there should not be any arbitrary rule that will deprive the parent of the custody and society of the children. Each case. must depend materially upon the facts shown. The deceased wife could not by testamentary disposition deprive the father of these children of their custody. He has the natural and legal right to the custody and control of the children, unless so completely unfit for such duties that the welfare of the children themselves imperatively demanded another disposition of their custody. Nothing of the kind appeared at the hearing in this proceeding. The order made by the superior court of Snohomish county, when the custody of the children was awarded to their mother in the divorce suit, was necessarily temporary in its nature, and it would require much more cogent reasons to deliver the custody of the children to a stranger than to their mother. The parents are the natural guardians and entitled to the care, control and society of their children; and when, unfortunately, the marital union is dissolved, as in this case, it may be necessary to commit the custody of the children to one to the exclusion of the other, and it will usually be done to the one least at fault, if competent. But it does not necessarily deprive the other, as against any one else, of the custody of the children. The fact that the children might be better educated, and better clothed, and have a more pleasant home with some one else than the parent can have no weight with the court as against the natural rights of the parent. But little weight, in this proceeding,

can be attached to the wishes of the children, as it appears they had not seen their father for years and had been surrounded by influences that perhaps would not make them think favorably of him.   The superior court evidently correctly weighed their statements, and its judgment is affirmed.

GORDON, C. J., and DUNBAR and ANDERS, JJ., concur.