[No. 22588. Department Two. December 30, 1930.]

*In the Matter of the Guardianship of*
DOROTHY KNEELAND.[1]

*M. A. Zioncheck,* for appellant.
*Chas. R. Lewis* and *Burton J. Wheelon,* for respondent.

FULLERTON, J.—This is a contest waged for the custody of a girl child of the approximate age of nine and one-half years. The contest is between the appellant, Frances Zioncheck, the child's maternal grandmother, on the one side, and the respondent, C. F. Kneeland, the child's father, on the other.

The respondent intermarried with the child's mother in November, 1919. In 1927, the child's mother brought an action for divorce against the respondent, and, on March 24, 1927, obtained an interlocutory decree, in which the custody of the child was awarded to the mother until the further order of the court. The mother died on January 2, 1930, without obtaining a final decree of divorce. After the entry of the interlocutory decree, the parties thereto lived separate and

[1]Reported in 294 Pac. 562.

apart, the mother at all times retaining the right to the custody of the child.

The present proceedings arise out of an application on the part of the appellant to adopt the child. The child was then in appellant's custody. The respondent appeared and resisted the application, and, as affirmative relief, asked that the child be restored to his custody and care. After a hearing, in which much evidence was introduced, the trial court denied the application of the appellant and granted that of the respondent.

The question for determination hinges on the view to be taken of the evidence. While the parties have indulged in charges, one against the other, which are thought to show an unfitness of the party against whom they are directed to have the care and custody of the child, these are, as we read the record, for the greater part unfounded. After the interlocutory decree of divorce was entered, the mother of the child, for the greater part of the time, left the care and custody of the child with the appellant. The child has been well fed, well clothed, well trained, and, since she arrived at an age permitting her to attend the public schools, has been kept therein. The evidence offers no reason why this care will not continue if the child is left with the appellant. On the other hand, the evidence shows that the respondent is in a situation to give her equal care, custody and control. The charge against him that seems to be successfully proven is that he sometimes indulges in the excessive use of intoxicants. But he is not an habitual drunkard. The excessive use is occasional rather than constant. It will not do to say that for a fault of this kind the custody of the guilty party's children shall be taken from him and given to another.

This court has always recognized the superior right of the parents to the custody of their children. As we said in *In re Neff,* 20 Wash. 652, 56 Pac. 383:

"The parents are the natural guardians and entitled to the care, control and society of their children; and when, unfortunately, the marital union is dissolved, as in this case, it may be necessary to commit the custody of the children to one to the exclusion of the other, and it will usually be done to the one least at fault, if competent. But it does not necessarily deprive the other, as against any one else, of the custody of the children. The fact that the children might be better educated, and better clothed, and have a more pleasant home with some one else than the parent can have no weight with the court as against the natural rights of the parent."

See also, *Lovell v. House of the Good Shepherd,* 9 Wash. 419, 37 Pac. 660, 43 Am. St. 839; *In re Mead,* 113 Wash. 504, 194 Pac. 807.

But we shall not further pursue the inquiry. In our opinion, the record shows no sufficient cause for reversing the conclusion reached by the trial court. Its judgment will therefore stand affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.