[No. 23408.  Department One.  October 16, 1931.]

LOUIS PETERSON, *Appellant*, v. VIOLET PETERSON, *Respondent*.[1]

*P. C. Kibbe,* for appellant.

*J. T. Trullinger,* for respondent.

[1]Reported in 3 P. (2d) 1007.

MITCHELL, J.—This is an action for divorce and the custody of a minor child, brought by Louis Peterson against Violet Peterson, with a cross-complaint by her for annulment of the marriage. A decree of annulment was entered; the custody of the child was awarded to the defendant, with the right of the plaintiff to visit it at reasonable times and places; and the plaintiff was ordered to pay the defendant twenty dollars per month for the support of the child until the further order of the court. The plaintiff has appealed.

Appellant makes but one important contention here, viz: that he cannot lawfully be ordered, in a decree of annulment of marriage, to pay for the care and support of a minor child. Rem. Comp. Stat., § 989, is a general provision to the effect that, in granting a divorce, the court shall, among other things, make provision for the support and education of the minor children; and, under the facts in this case, the appellant having commenced the action and first presented to the court the subject matter of the custody and support of the child, we have no doubt of the authority of the court to make the order.

To the same effect is the holding of the supreme court of California, under similar circumstances, in *Barrett v. Barrett,* 210 Cal. 559, 292 Pac. 622. California has a statute for annulment of marriage and another for divorce, Civil Code, § 82 and § 138, just as we have in this state, Rem. Comp. Stat., §§ 983 and 982. In the case of *Barrett v. Barrett, supra,* the supreme court of California, in entering a decree of annulment of a marriage, awarded a minor child to the father, and thereafter, upon the petition of the mother, modified the decree by giving the custody of the child to the mother and directing the father to pay twenty

dollars a month for its support. In affirming the last order, the supreme court called attention to an act of the legislature of 1929 setting at rest any question about the power and authority of the courts to make such orders under provisions of the general statute already existing, Civil Code of California, § 138, which reads:

"In actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same."

The modified decree that was complained of in that case was entered prior to the act of 1929 referred to, so that the court, discussing the situation independently of that act, and from the standpoint of the general provision consisting of § 138, which section does not in terms refer to annulment proceedings, but only divorce actions, said:

"Section 138, however, providing for the custody and support of minor children is appropriate, and may be applied as well to annulment proceedings as to divorce actions, and the legislative intention undoubtedly was that it should håve such application, for not until the year 1929 did the legislature provide by separate and independent enactment for the custody and maintenance of minor children affected by annulment proceedings."

Still further, the supreme court of California said that it was only reasonable to conclude that, prior to the 1929 amendment, it was the legislative intention that, in so far as the custody of minor children was concerned,

" . . . section 138, *supra,* should govern both annulment and divorce proceedings. Any other con-

clusion would result in an unwarranted distinction and discrimination.''

In such cases, not only under the statute but under the inherent jurisdiction or authority of courts of equity with reference to the custody of minor children, large power and discretion are given to the superior court, which will not be disturbed on appeal unless it clearly appears such discretion has been abused. Nothing in the way of abuse of discretion or authority appears in this case.

The order appealed from is affirmed.

TOLMAN, C. J., PARKER, MAIN, and BEELER, JJ., concur.