[No. 30007.  Department One.  September 27, 1946.]

EDWARD A. AUBRY, *Respondent,* v. BETTY I. AUBRY, *Appellant.*[1]

*Ralph M. Rogers,* for appellant.

*Williamson, Binns & Cunningham,* for respondent.

MILLARD, J.—Plaintiff and defendant were married to each other June 27, 1941, and immediately established their residence in a certain apartment house in Tacoma. They continuously maintained their home in that apartment until the wife's departure therefrom in March, 1945, shortly subsequent to entry by the court of an order March 17, 1945, enjoining the wife from permitting a certain male friend,

[1] Reported in 173 P. (2d) 121.

of whom she was enamored, to visit her in that apartment while she was entrusted with custody and care of her child, pending determination of divorce action in which she was the defendant.

April 7, 1944, a son was born of the union of plaintiff and defendant. Thirteen days later, plaintiff was inducted into the United States navy. Several times after that induction, the husband was home on leave, and the parties lived together in their apartment as husband and wife.

In July, 1944, the wife met another man with whom she became infatuated. She and her lover, who stated he desired to marry her, were frequently together at different places of amusement, and he visited her day and night in the home of her parents and in the apartment, the rent of which was paid with portion of allotment to the wife from husband's naval pay. On one occasion, her sweetheart remained in that apartment all night because he missed the last bus; however, there is no evidence of illicit relationship of those two parties at that or any other time. She admitted her love for the man, and he and she openly displayed their affection for each other.

During 1943 and 1944, immediately prior to his induction into the navy, plaintiff, then employed in a shipyard, frequently failed to return home promptly after his shift ended at 11:30 p. m. On two occasions, he was away from home all night and was often seen escorting a certain woman from her place of employment in the shipyard to her home. The wife learned of these escapades after suit for divorce was instituted. The husband and wife do not deem improper their association with persons of the opposite sex. Neither conformed during their brief married life to the strict conventionality of *Victorian* society during the last half of the nineteenth century, but there is nothing other than recited above to sustain a charge of infidelity on the part of either.

When the husband was informed of his wife's conduct, he obtained leave of absence and returned to Tacoma, where, on February 28, 1945, he instituted this action for divorce against his wife, who admitted to her husband that she loved the "other man."

The trial court found that, for more than a year last past, the defendant had been guilty of conduct incompatible with the dignity of a wife and mother and had associated, both night and day, with a certain man in the apartment of plaintiff and defendant and elsewhere in the city of Tacoma; and that, by reason of her conduct, the parties separated from each other. The court also found that defendant was not a fit and proper person to have custody of the minor child of the parties, and that both parties are entitled to a divorce. The court further found that plaintiff's mother was a fit and proper person to have custody of the minor child of the parties and has a suitable home in which to rear the child.

An interlocutory decree was entered granting a divorce to each party and awarding custody of the child to plaintiff's mother, with permission to defendant to visit the child at stated times and the right to have the child visit defendant, provided that, when the child is with defendant, she shall not be in the company of the man whom the court found was responsible, by his interference with the domestic relations of plaintiff and defendant, for the separation of the husband and wife.

Defendant appealed.

The only question presented is whether the trial court erred in refusing to award the care, custody, and control of the minor child of the parties to appellant.

No good purpose would be served by detailed narration of the evidence in this case. The man responsible for this marital tragedy should not continually have "tossed into his teeth" the fact of some error committed by him prior to his invasion of the home of respondent and appellant. We do not challenge the sincerity of his claimed repentance for an earlier mistake; however, his conduct with appellant disclosed his inappreciation of moral rectitude and doubtless convinced the court that it would be unmindful of the infant child's moral and spiritual welfare to permit that child to associate with the third party in this triangle.

Of first importance in a divorce action is the welfare of the children of the parties to that action. In determining

the question to whom shall be entrusted the care, custody, and control of such minor, the court has a wide discretion. We cannot say, from our examination of the record before us, that the court abused that discretion, therefore, the interlocutory decree is affirmed.

BEALS, C. J., ROBINSON, JEFFERS, and SCHWELLENBACH, JJ., concur.