[No. 30402.   Department One.   February 6, 1948.]

MARIE T. BROOKSHIRE, *Respondent*, v. DEWEY B. BROOKSHIRE, *Appellant*.[1]

*John F. McCarthy*, for appellant.

*James O. Ballou*, for respondent.

SIMPSON, J.—In the Cowlitz county superior court, on the twenty-sixth day of March, 1947, an interlocutory order of divorce was granted plaintiff and defendant, and the custody of their minor child, a boy aged six years, was given, pending the further order of the court, to his maternal grandparents, E. D. and Rilles Goodner. The decree also provided that defendant should pay the sum of fifteen dollars each week for the support of his child.

Defendant, on appeal, has assigned as error the refusal of the court to grant him the custody of the minor child. Mrs. Brookshire has not appealed, and for that reason we shall not refer to her conduct nor to her right to have the custody of her child.

Appellant does not question the ability of his son's grandparents to properly care for him.

The case is tried *de novo* in this court.

[1]Reported in 189 P. (2d) 636.

■ The evidence relative to appellant's manner of living may be summarized as follows: Appellant at various times suggested to a friend that he find women friends for him. At one time, he was seen having intercourse with a woman whom he had met a short time before. It is quite evident that appellant is lazy. His next door neighbor testified that many times respondent would have to beg and coax him to get up in the morning and go to work. Appellant boasted of his illicit relations with women while he was in the army. He failed to do any work for a five-month period before he was drafted into the army, and left his wife destitute at that time. He was released from the service September 1, 1946, and neglected to work until his money and respondent's savings were exhausted. According to respondent's testimony, appellant at various times beat and kicked her. At the time of the trial, he had no home or house in which to care for his son. It is our conclusion that appellant was not a fit or proper person to have the custody of his child.

■ Based upon the evidence in the case, and his contacts with the parties in the courtroom, the trial court stated that the best interests of the child would be served by giving him into the custody of his grandparents. In so doing, the trial court followed the rule as announced in all of our cases, that the welfare of the minor child of parents involved in a divorce case is of paramount importance. *In re Hansen*, 21 Wn. (2d) 695, 152 P. (2d) 712.

The judgment of the trial court was correct, and it is accordingly affirmed.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.