[No. 30587. Department Two. October 15, 1948.]

FRANCES V. WHITE, *Appellant,* v. LEO C. WHÍTE, *Respondent.*[1]

*A. E. Dailey* and *Stanley L. Conroy,* for appellant.

*Trumbull, Severyns & Trumbull* and *Shank, Rode, Cook & Watkins,* for respondent.

SIMPSON, J.—Plaintiff instituted this action for the purpose of securing a decree of divorce from defendant, the custody of their children, and a division of their community property.

The complaint charged cruel and inhuman treatment on the part of the defendant, claimed that he was unfit to have the custody and control of their children, and asked that their care, custody, and control be given to plaintiff. The defendant denied charges of cruelty and, by cross-complaint, asked for a divorce upon the grounds of cruelty and for the custody of their children.

The trial resulted in the entry of an interlocutory order granting a divorce to both parties, and giving the temporary custody of the children to defendant's mother. The plaintiff

[1] Reported in 198 P. (2d) 189.

was awarded the sum of three thousand dollars as a complete settlement of all property rights, and was also allowed the sum of fifty dollars per month for a period of four years. Certain personal effects were given to plaintiff. Plaintiff has appealed.

The assignments of error are that the court committed error in finding the appellant unfit to have the custody of her children, and in awarding their custody to respondent's mother.

■ Appellant and respondent were married August 11, 1934. They have three children, a boy age ten years, one girl age seven years, and one girl of the age of six years. At the time of trial, respondent was thirty-six years of age, and appellant was of the age of thirty years. It will serve no useful purpose to set out facts which show the conduct of the parties to this action. It is sufficient to say that the evidence, believed by the trial court, to the effect that Mrs. White spent many nights away from home in the company of various male companions, during which she drank considerable liquor and misbehaved herself, that she did not care for her home or her children, and the house became filthy, was sufficient to justify the trial court in making the children wards of the court and placing them in a good home. No doubt appellant may have the custody of her children at any time she shows a disposition to make of herself a good mother for her children.

The question relative to the value and extent of the property belonging to appellant and respondent was in dispute. The home was worth about four thousand dollars. Appellant contended that respondent had between ninety-three hundred and ten thousand dollars invested in war bonds, and owned a laundry of the value of $18,782.80. Respondent testified that the laundry was purchased by his mother, who made the initial payment of six thousand dollars, and that a bank held a mortage on it for thirteen thousand dollars; that because of his mother's domestic troubles, the laundry was taken in his name. The evidence given by respondent was the only evidence given which stated the

facts. That given by appellant was based almost entirely upon supposition. Aside from the testimony to which we have just referred, there are the following circumstances which tend to corroborate the evidence given by respondent:

When he and appellant were married, they were not possessed of any property. The home was purchased on the installment plan, and respondent worked for wages which were not too remunerative. The salary he obtained in the navy was not sufficient to allow any considerable savings. Respondent also explained that during the war he purchased many war bonds, but subsequently cashed them and spent the money received from them. The facts just related justified the court in concluding that appellant and respondent did not own the laundry, and that respondent was not the owner of any war bonds.

■ Rem. Rev. Stat., § 989 [P.P.C. § 23-23], and Rem. Supp. 1947, § 988, gives to the superior court the power and right to make proper disposition of the property of the parties concerned in a divorce action, and to provide for the care, custody, and support of the children. This court, therefore, will not disturb the judgment of the trial court unless it is found that the trial court abused its discretion and made an inequitable division of the property. *Mapes v. Mapes*, 24 Wn. (2d) 743, 167 P. (2d) 405; *Murray v. Murray*, 26 Wn. (2d) 370, 174 P. (2d) 296. We are of the opinion that the trial court made an equitable division of the property belonging to appellant and respondent.

The judgment is affirmed.

MALLERY, C. J., ROBINSON, HILL, and SCHWELLENBACH, JJ., concur.