[No. 32136. Department One. July 17, 1952.]

*In the Matter of the Welfare of* LATINA PETRIE.
LEONA KALLWICK, *Plaintiff and Relatrix*, v. THE SUPERIOR COURT FOR COWLITZ COUNTY, *Defendant.*[1]

W. R. *Studley*, for plaintiff and relatrix.

Joe L. *Johnson*, for defendant.

[1] Reported in 246 P. (2d) 465.

GRADY, J.—This proceeding is before the court upon a writ of certiorari directed to the superior court for Cowlitz county. In response to the writ, there has been certified to this court a transcript of the records and proceedings in the cause in that court. Leona Kallwick, the mother of Latina Petrie, will be referred to as the relatrix.

The record shows that on August 12, 1950, the court entered an order making Latina Petrie, a minor of the age of two years, a ward of the court. The relatrix was adjudged to be unfit to have custody of the child because of cruel conduct, and custody was awarded to her father. The parents of the child had been divorced.

On May 26, 1951, the matter of the welfare of Latina Petrie again came before the court upon a petition filed by the probation officer. The relatrix made oral application for custody of her daughter. The probation officer asked that parental rights of the parents be terminated and the child be placed for adoption. The court denied the application for custody and also the requests of the probation officer.

Subsequent to the entry of the order of the court, the father of the child remarried. The attitude of his wife was such that it became necessary for him to place the child in the custody of the welfare department.

On February 7, 1952, the probation officer filed a complaint setting forth the status of the child and requested an order severing all parental ties and that she be placed for adoption. On February 11, 1952, the clerk of the court issued a summons directed to relatrix. The summons was returnable on February 13, 1952, at ten a. m. and was served at two-thirty p. m. February 12th. The complaint was not served on relatrix.

Upon receipt of the summons, relatrix contacted her attorney, but owing to a professional engagement he was unable to represent her at the hearing. She was without knowledge of the issues tendered by the complaint. She appeared before the court at the time fixed in the summons. The husband of relatrix informed the court of the inability

of their attorney to be present, but gave assent that the hearing proceed.

In view of the conclusion we have reached on the question of procedural due process, we find it unnecessary to review that which transpired at the hearing. The relatrix was confronted with a situation affecting her present fitness to have custody of her child that she was unprepared to meet and without fault on her part. The court made an order depriving the natural parents of "all parental rights, custody and control of the said Latina Petrie."

The relatrix employed counsel, who prepared and filed a petition to vacate the judgment based primarily upon the claim of absence of procedural due process. The petition was denied.

The relatrix urges that she was denied procedural due process of law because of the shortness of the time between the service of summons upon her and the time fixed for the hearing. Her claim is that, in view of the importance of the issues presented, she needed more time to secure the attendance of witnesses, particularly her physician, and to secure the services of an attorney and time for preparation for trial.

Although the child had been made a ward of the court and relatrix had been temporarily deprived of her custody, there nevertheless remained the legal relationship of parent and child, and this carried with it the right to her custody if she could satisfy the court that the welfare of the child would be best promoted by restoration of custody, rather than adoption by strangers.

A natural parent cannot be deprived of parental rights, which include custody and control, unless his or her conduct has been such, or the duty to care for and protect the child has been so violated, that such rights have been abdicated or forfeited. *In re Neff*, 20 Wash. 652, 56 Pac. 383; *In re Mead*, 113 Wash. 504, 194 Pac. 807; *In re Hudson*, 13 Wn. (2d) 673, 126 P. (2d) 765; RCW 13.04.140.

When relatrix was summoned to appear before the court on February 13, 1952, she had the right in support of her

request for custody of her daughter to be afforded the opportunity to show to the court any changed conditions that might exist with reference to herself and her daughter to be considered by the court in determining whether parental rights should be terminated and the child placed for adoption. She had substantial legal rights which had been challenged. She was faced with an effort on the part of public authority to deprive her of her parental rights so that the way might be cleared for strangers to adopt her child. She needed time and opportunity to secure evidence that she had remarried, was the mother of another child, that she had an established home, that her husband was able and willing to receive the child into the home and assist in her care and support, that her attitude towards her daughter had changed and become normal, that the reasons for former deprivation of custody would not recur, and any other facts or circumstances bearing on the future welfare of the child. The relatrix would need the services of an attorney. Medical testimony would be helpful.

■■ The time between two p. m. on a legal holiday and ten a. m. the next day was entirely too short to constitute procedural due process of law. We have decided that the elements of the constitutional guaranty of due process in its procedural aspect are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case; also to have the assistance of counsel, if desired, and a reasonable time for preparation for trial. The situations presented in the cases we have decided differ widely, but they are in accord as to what constitutes procedural due process, and for that purpose we cite *In re Hendrickson*, 12 Wn. (2d) 600, 123 P. (2d) 322; *State ex rel. Adams v. Superior Court*, 36 Wn. (2d) 868, 220 P. (2d) 1081; *State v. Hartwig*, 36 Wn. (2d) 598, 219 P. (2d) 564. Other cases and text authority on the subject are cited in the opinions.

■ It is contended that relatrix waived any objection that might have been made as to the shortness of time between the service of summons and that fixed for the hear-

ing by the voluntary consent of her husband that such hearing might proceed without the aid of counsel. The relatrix was not familiar with court procedure, and it is apparent that she did not fully realize the extent and full import and the far-reaching consequences of the issues tendered by the petition of the probation officer. We decline to apply the doctrine of waiver to such a situation, even though she made a general appearance and did not ask for a continuance of the hearing. Justice demands that she be accorded a full opportunity to meet the issues presented by the petition.

We remand the proceeding to the trial court for the vacation of the order under review and award relatrix a new hearing upon the issues presented by the petition.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.