41 Wn.2d 294 (1952)
248 P.2d 553
In the Matter of the Welfare of RICHARD MILTON FRANK, a Minor.
THE STATE OF WASHINGTON, on the Relation of Stanley A. Frank, Plaintiff,
v.
THE SUPERIOR COURT FOR KING COUNTY, Honorable Chester A. Batchelor, Judge, Respondent.[1]
No. 32280.
The Supreme Court of Washington, Department One.
October 9, 1952.
*295 Colvin & Williams (R. Wayne Cyphers, of counsel) and Edmund J. Jones, for relator.
E.F. Dailey, for respondent.
MALLERY, J.
Robert Milton Frank was born May 23, 1944. His mother and father were divorced in 1945, when he was thirteen months old. The mother was given his custody with visitation privileges given to the father. There was no finding in that action or subsequently that the father was an unfit person to have custody of the child. The mother and child lived with the maternal grandmother, Nellie White. The mother died on April 3, 1952, and the maternal grandmother brought the present action on April 10, 1952, seeking to have the child declared to be a dependent child so that his custody could be given to her, and the father restrained from claiming it. The father appeared and contested the action.
The court below found the child to be a dependent child, and gave his custody to the maternal grandmother during the school year, and to the father during the summer months. This order is brought here for review on a writ of certiorari.
[1] The relator's assignment of error No. 1 (f) challenges the jurisdiction of the juvenile court over the person of the minor, upon the ground that the evidence does not support any statutory ground for a declaration of dependency. Of course, the court below can concern itself with the welfare of this child only after finding it to be a dependent child as defined by the statute. This is jurisdictional. In the case of In re Warren, 40 Wn. (2d) 342, 243 P. (2d) 632, we cited In re a Minor, 39 Wn. (2d) 744, 238 P. (2d) 914, with approval, as follows:
"`The juvenile court does not have jurisdiction over all juveniles, nor is every child a ward of the court; its jurisdiction being limited to delinquent or dependent children.'"
We find the assignment of error well taken.
*296 [2] The child is now eight years of age, and has an impediment in his speech. It was upon this factual basis that the trial court found the father had neglected to provide medical treatment for the child, and concluded that, therefore, he was a dependent child.
Dependency of a child cannot be based upon such a finding. In In re Hudson, 13 Wn. (2d) 673, 126 P. (2d) 765, we said:
"The superior court judge, sitting as juvenile court judge, expressed the opinion that, in the light of the liberal construction provision in Rem. Rev. Stat., § 1987-14 [P.C. § 606], the definitions of `dependency' in Rem. Rev. Stat., § 1987-1 [P.C. § 593] are broad enough to include therein a child who is not receiving proper medical or surgical attention."
We answered that contention by saying:
"The juvenile court law (Rem. Rev. Stat., § 1987-1 et seq.) does not contain any provision respecting the furnishing of necessary medical or surgical care.
"The juvenile court law excludes from its provisions a requirement to furnish medical or surgical care, while in the penal section medical attendance is included."
The maternal grandmother is in an equivocal position. She must secure a finding of dependency to give the court jurisdiction to take the child from its father. To do this she must show neglect of the child while he was in the care of her deceased daughter and herself.
[3] Since the trial court's finding of dependency of the child cannot be sustained, it is without jurisdiction to deprive the father of his custody. In the case of In re Neff, 20 Wash. 652, 56 Pac. 383, we said:
"The parents are the natural guardians and entitled to the care, control and society of their children; and when, unfortunately, the marital union is dissolved, as in this case, it may be necessary to commit the custody of the children to one to the exclusion of the other, and it will usually be done to the one least at fault, if competent."
Again, in the case of In re Kneeland, 160 Wash. 64, 294 Pac. 562, we said:
*297 "This court has always recognized the superior right of the parents to the custody of their children."
In the case of In re Miller, 40 Wn. (2d) 319, 242 P. (2d) 1016, we said:
"Under the juvenile court act, no child may be made a ward of the state unless it shall have been found to be a delinquent or dependent child."
Upon the death of the mother the father's right of custody as a natural parent revived automatically without any court action. In In re Hudson, supra, we said:
"A parent can not be deprived even temporarily of his or her natural and legal right to custody and control of his or her minor child until it is established that the parent is not a proper person to have custody and control of the child."
[4] A sole natural parent can only be divested of his right to the custody of his child by the finding of a court that the child is a dependent child under the purview of the statute. In In re Hudson, supra, we said:
"We reiterate, for sake of emphasis, that no court is vested with authority to deprive a parent, who is a fit person ... to have custody and control of his or her minor child, of custody and control of the child."
For reasons given above the finding of dependency has failed, and the father is entitled to the exclusive custody of the child.
The order is reversed, and the court below is directed to dismiss the petition.
HILL, GRADY, DONWORTH, and WEAVER, JJ., concur.
February 13, 1953. Petition for rehearing denied.
NOTES
[1] Reported in 248 P. (2d) 553.