[No. 33054. Department Two. February 25, 1955.]

JOSEPHINE OLSON, *Respondent,* v. GILMORE OLSON, *Appellant.*[1]

*Hallett & Healy,* for appellant.

ROSELLINI, J.—This is an appeal from an order modifying a divorce decree relative to the custody of a minor child. On March 25, 1952, respondent obtained a default divorce from appellant and was awarded the custody of their son, Carl B.

[1]Reported in 280 P. (2d) 249.

Olson, then six years of age. Early in February, 1954, respondent gave temporary physical custody of the minor child to appellant; and on February 8, 1954, appellant filed a verified petition and supporting affidavit for modification of the decree relating to the custody of the minor boy. At the same time he obtained an order which provided that the custody of the child remain with appellant until the matter could be heard upon its merits.

At the hearing, April 13, 1954, the evidence disclosed that the mother, although a reliable and steady worker, had not shown such reliability in her home life and at times had failed to give proper supervision and attention to her son. The home of the mother was not desirable or suitable for the boy from a physical viewpoint.

The father was a steady and reliable worker, and his present home seemed to be adequate for the care of the boy; and since the boy had been with his father he had been established in school. However, in times past the father had been an excessive user of intoxicating liquor. His habit in this respect had moderated, but the court doubted whether the father would not "backslide."

The court, faced with this dilemma, could not leave the child with the mother; and since the father had a home adequate for the care of the boy, he was given physical custody of the minor child, subject to supervision and control by the juvenile authorities. The court to accomplish this entered the following order:

"WHEREFORE, IT IS BY THE COURT ORDERED, that the welfare of the child, Carl B. Olson, will be best served by making him a ward of the Court, but that his physical custody shall remain with his father, Gilmore Olson, subject to such supervision as the Juvenile authorities shall deem appropriate, and subject to the power of the Juvenile authorities to change the physical custody of the boy as and when in their opinion the welfare of the boy requires it, including the power in such Juvenile authorities to transfer the physical custody of said boy to his mother under such conditions as they shall see fit to impose; and in the meantime the mother shall have the right of frequent visitations, and have the boy with her for a reasonable time  . . ."

The respondent did not resist the appeal for the reason, as stated by her attorney, that she had no funds available to pay the costs of answering any brief filed by the appellant.

The appeal raises two questions: (1) Does the superior court in a divorce modification have the power to make a child of the parties a ward of the court and deprive both parents of its legal custody when the parents are not found unfit? (2) Does the court have the power to make the child its ward and delegate to the juvenile authorities the right to change the physical care and custody of the child without first obtaining an order of court?

In the case of *Borenback v. Borenback,* 34 Wn. (2d) 172, 208 P. (2d) 635 (1949), the court, p. 178, laid down the following rules:

"We have consistently held and repeatedly said that, in awarding custody of children in divorce proceedings, the paramount and controlling consideration is the welfare of the child or children. *Wixson v. Wixson,* 172 Wash. 151, 19 P. (2d) 912; *Flagg v. Flagg,* 192 Wash. 679, 74 P. (2d) 189; *Lindblom v. Lindblom,* 22 Wn. (2d) 291, 155 P. (2d) 790; *Mitchell v. Mitchell,* 24 Wn. (2d) 701, 166 P. (2d) 938; *Allen v. Allen,* 28 Wn. (2d) 219, 182 P. (2d) 23; *Brookshire v. Brookshire,* 29 Wn. (2d) 783, 189 P. (2d) 636.

"In some of our decisions we have declared that in such matters the welfare of the children is the only issue and the sole matter with which the court is concerned. *Brock v. Brock,* 123 Wash. 450, 212 Pac. 550; *Broesch v. Broesch,* 159 Wash. 409, 293 Pac. 464; *Warnecke v. Warnecke,* 28 Wn. (2d) 259, 182 P. (2d) 699; *Fitzgerald v. Leuthold,* 30 Wn. (2d) 402, 192 P. (2d) 371.

"We have also repeatedly stated and held that in divorce proceedings the superior court has large power and discretion regarding the custody of minor children. *Peterson v. Peterson,* 164 Wash. 573, 3 P. (2d) 1007; *Eliason v. Eliason,* 10 Wn. (2d) 719, 118 P. (2d) 170; *Pardee v. Pardee,* 21 Wn. (2d) 25, 149 P. (2d) 522; *Aubry v. Aubry,* 26 Wn. (2d) 69, 173 P. (2d) 121.

"Necessarily, in matters of this kind, each case must be judged by its own facts. *Pressey v. Pressey,* 184 Wash. 191, 50 P. (2d) 891; *Ayers v. Ayers,* 188 Wash. 540, 62 P. (2d) 1358; *Maley v. Maley,* 18 Wn. (2d) 766, 140 P. (2d) 262; *Schorno v. Schorno,* 26 Wn. (2d) 11, 172 P. (2d) 474."

We have approved decrees awarding the custody of minor children to persons other than their parents. *Fleck v. Fleck,* 31 Wn. (2d) 114, 195 P. (2d) 100 (1948); *Brookshire v. Brookshire,* 29 Wn. (2d) 783, 189 P. (2d) 636 (1948); *Allen v. Allen,* 28 Wn. (2d) 219, 182 P. (2d) 23 (1947).

Under our past or present divorce statutes, this court has never ruled whether the superior court can make a minor child a ward of the court for the purpose of finding a suitable home for the child, where both parents have been found unfit and improper persons to have custody of their child. In the case of *White v. White,* 31 Wn. (2d) 647, 198 P. (2d) 189 (1948), we approved a trial court order decreeing a minor child to be a ward of the court. However, the court's authority to do so was never challenged on appeal.

■■ We need not decide that question in order to determine this appeal. Under our holding in *Stobert v. Stobert,* 24 Wn. (2d) 498, 166 P. (2d) 180 (1946), the judgment must be modified. The decree in that divorce action provided:

" 'It is further ordered, adjudged and decreed that the minor children of the parties . . . are hereby declared to be dependents of the court, and shall be under the jurisdiction of the juvenile court of the superior court of King county. Until such time as the court shall direct, the children shall remain in the care and custody of C. A. Frost, Yakima, Washington, and the defendant shall pay to the said Frost the sum of $100.00 a month for their support. Both parties to this action shall have the right to visit said children at reasonable times and places.' "

This court held that the action of the trial court was error, saying:

"We are satisfied that in this case there was no basis for the court's finding that these two boys were dependent children and concluding and adjudicating that they be placed under the jurisdiction of the juvenile court of King county. While it is true the trial court, in a divorce action where there are minor children, should consider of first importance the welfare of the children and to that end the court has a wide discretion in determining who shall have the care, custody, and control of such minors; yet it is our opinion that the statutes relative to divorce contemplate that the trial court retain jurisdiction of the care, custody,

and control of minors, to the end that if there be a change of conditions which influenced the court in making the award, the court may modify or change such award when it will be for the best interest of the minors.

"As we understand the purported effect of the judgment in this case relative to these minors, the trial court lost control of the minors, and, under the theory they were dependent children, the juvenile court was given complete jurisdiction of them.

"We are convinced that before a child can be determined to be dependent, the procedure must be followed as outlined in Rem. Rev. Stat., § 1987-1 [P.P.C. § 359-1] *et seq*. That procedure contemplates the filing of a petition showing that there is in the county a dependent child. When the petition is filed, a summons is issued. The juvenile act further contemplates a hearing to determine whether or not such child is a dependent child, and § 1987-10 [P.P.C. § 359-10] specifically states that such cases shall not be heard in conjunction with other business of the court."

In the *Stobert* case, the trial court made an affirmative finding that the children were dependent, and we held that it was not empowered to make such a finding except in a proper proceeding under the juvenile court statute, and consequently had no power to make the child a ward of the court on the basis of dependency. In the instant case, there was neither a finding of dependency of the child nor unfitness of the parents. Clearly, the court exceeded its authority when it made the child a ward of the court and gave to the "juvenile authorities" the right to change its custody.

The trial court in its memorandum opinion indicated that it was not satisfied that the father had such command of himself as to be without danger of again using liquor to excess. It further indicated in its order that under certain conditions the mother might again be entitled to the physical custody of the child. Under the circumstances, the trial court was right in believing that it was entirely possible that the father could reform; however, this reformation should be evidenced by more than a few months of conduct free from criticism, and the court should have substantial evidence of such reformation before the legal custody should be given to one who will have the responsibility of the physical, moral,

and spiritual care of a growing child. In view of these circumstances, the court would have been justified in awarding temporary custody to the father and continuing the hearing until a later date when it could determine which environment was better suited to the child's welfare. (See *Allen* v. *Allen,* 28 Wn. (2d) 219, 182 P. (2d) 23 (1947).)

The order is modified, and the case is remanded to the trial court with instructions to take further testimony in regard to the legal custody of the minor. And at such hearing, the court shall determine to whom and under what conditions the care, custody, and control of the minor shall be awarded, consistent with the views expressed herein. Appellant shall not recover costs on this appeal.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.