[No. 33718. Department One. January 17, 1957.]

SHARON L. RAWE, *Respondent,* v. ROBERT RAWE *et al.,*
*Appellants.*[1]

*Thomas Malott,* for appellants.

*Del Cary Smith, Charles A. Aten,* and *Del Cary Smith, Jr.,*
for respondent.

FOSTER, J.—This is a contest between the respondent
mother and appellants, the paternal grandparents of Vicky
K. Rawe, aged three and one-half years. Respondent's
former husband, Raymond A. Rawe, while a defendant, did
not join his parents in this appeal. By decree entered below
July 8, 1954, a divorce was granted both the respondent and
the husband, Raymond A. Rawe, in which it was found that
neither the father nor the mother was a fit, suitable, or
proper person to have the custody of their little daughter,
and consequently, the custody of the child was awarded to
the appellants, the father's parents.

At the time of the marriage, respondent was but fifteen
years of age and was only sixteen at the time of the divorce.
On September 16, 1955, respondent petitioned for modifica-
tion of the original decree and asked that she then be
awarded the custody of her daughter. She alleged that

[1] Reported in 306 P. (2d) 200.

circumstances had materially and substantially changed. The proofs show, and the court found upon substantial evidence, that since the divorce respondent had remarried and that her present husband is an upright man, gainfully employed, and has provided a decent home for her, and that she is now a fit and proper person to have the care, custody, and control of her minor child; and based upon such changes, the court modified the decree by awarding the custody of the child to her.

No question arises as to the fitness of the appellant grandparents, because the court expressly found that they were good and respectable citizens and maintain a respectable and proper home.

While, of course, the welfare of the child is the predominate factor in determining custody, parents have superior rights unless found to be unfit. Cases dealing with awards of custody to grandparents are collected in the footnote.[2] Upon the modification, the trial court expressly found that the respondent was then a fit and proper person to have the care, custody, and control of her minor child.

The remarriage of a mother and the establishment of a satisfactory home have been held to be a change of circumstances sufficient to warrant modification (*Allen v. Allen*, 38 Wn. (2d) 128, 228 P. (2d) 151); and the remarriage of the father and the establishment of a respectable home has been held to be a sufficient change in circumstances to warrant a modification awarding him the custody of a minor child (*Morin v. Morin*, 66 Wash. 312, 119 Pac. 745) previously awarded grandparents.

It cannot be said that the evidence preponderates against the trial court's finding, and the judgment appealed from is, therefore, affirmed.

DONWORTH, MALLERY, and FINLEY, JJ., concur.

SCHWELLENBACH, J., concurs in the result.

[2]*State ex rel. Michelson v. Superior Court*, 41 Wn. (2d) 718, 251 P. (2d) 603; *In re Ward*, 39 Wn. (2d) 894, 239 P. (2d) 560; *Fleck v. Fleck*, 31 Wn. (2d) 114, 195 P. (2d) 100; *Brookshire v. Brookshire*, 29 Wn. (2d) 783, 189 P. (2d) 636; *Eliason v. Eliason*, 10 Wn. (2d) 719, 118 P. (2d) 170; *In re Kneeland*, 160 Wash. 64, 294 Pac. 562; *In re Stuart*, 138 Wash. 59, 244 Pac. 116; *Morin v. Morin*, 66 Wash. 312, 119 Pac. 745.