72 P.3d 757 (2003)
149 Wash.2d 836
In the Matter of the DEPENDENCY OF Timothy John BROWN.
Timothy Brown, Sr., Petitioner,
v.
Department of Social and Health Services, Respondent.
No. 73426-7.
Supreme Court of Washington, En Banc.
Argued July 10, 2003.
Decided July 17, 2003.
Washington Appellate Project, Jason Saunders, Thomas Kummerow, Seattle, for petitioner.
Assistant Atty. Gen., Jonathan Milstein, Noella Rawlings, Seattle, for respondent.
PER CURIAM.
In a dependency proceeding, the trial court found Timothy Brown's son to be a dependent child and entered a dispositional order.[1] Brown appealed from the dispositional order to challenge the finding of dependency. But the Court of Appeals determined that the dependency finding was not appealable and treated the matter as a motion for discretionary review. And determining that the *758 trial court committed no obvious or probable error, the court denied review. We grant review of the Court of Appeals decision and hold that, although the court erroneously treated the appeal as a motion for discretionary review, the dependency order was supported by substantial evidence. We therefore affirm the dependency order.
T.J. was born to Brown and his wife, Harlene Kerlee, in February 1999. Kerlee, who had a history of drug abuse and mental illness, abandoned the child, leaving Brown with sole custody. Brown and Kerlee dissolved their marriage in December 2000, but Brown and T.J. later lived in the same house with Kerlee and her boyfriend. In July 2001, Brown and Kerlee were involved in a domestic violence incident. Police arrested Kerlee and took her to a hospital, where she said that she had tried to commit suicide with prescription pills, alcohol, and cocaine. Alerted by a hospital worker, a state social worker investigated the incident. After speaking with Brown, the social worker determined that further State intervention was not warranted.
But about two weeks later, police responded to another incident between Kerlee and Brown. In searching the house, officers eventually found Kerlee hiding in a closet. At first they placed her under arrest, but later decided to arrest Brown instead. T.J. was taken from the home and placed with his paternal aunt, Tina Wiedmann. The social worker again became involved in the case, and he interviewed Wiedmann. She told the social worker that Brown had an alcohol problem, was violent when drunk, and smoked marijuana. The social worker also learned that the police arrested Brown because Kerlee told them that Brown had shoved her and T.J., and because they found field narcotics testing kits in the house. The social worker initiated dependency proceedings on T.J. in August 2001.
At the first shelter care hearing on August 15, 2001, the trial court ordered placement to remain with Wiedmann. It also ordered both Brown and Kerlee to undergo drug and alcohol assessments and submit to drug tests. Because Brown was in jail until September 20, 2001, he could not at first comply with the court's order. Therefore, at the next shelter care hearing on September 24, the court continued placement with Wiedmann. Brown then participated in the ordered services.
On October 23, 2001, the trial court entered dependency and dispositional orders by default against Kerlee. After a hearing extending over a number of days, the court, on January 23, 2002, also found T.J. dependent as to Brown. On the same day, the court entered a dispositional order continuing the child's placement with Wiedmann and ordering services for Brown.
Brown filed a notice of appeal designating for review both the order of dependency and the dispositional order. In his opening brief, however, Brown assigned error only to the dependency order, urging that the finding of dependency was not supported by substantial evidence. The Court of Appeals thus viewed the matter as only a challenge to the dependency order, and holding that dependency orders are not appealable as a matter of right, the court treated the appeal as a motion for discretionary review. The court then examined the evidence and, finding it sufficient to support the finding of dependency, determined that the trial court committed no error meriting review under RAP 2.3(b). The court therefore denied review. In re Dependency of T.J.B., 115 Wash.App. 182, 62 P.3d 891 (2002).
The Court of Appeals erred in treating the matter as a motion for discretionary review rather than an appeal. One of the decisions expressly appealable is a "disposition decision following a finding of dependency by a juvenile court." RAP 2.2(a)(5). Brown designated the dispositional order in his notice of appeal. He was therefore entitled to advance any argument going to the validity of that order. A dispositional order depends on a valid dependency order. See RCW 13.34.130 (dispositional order may be entered only after court finds by preponderance of evidence that child is dependent); In re Frank, 41 Wash.2d 294, 297, 248 P.2d 553 (1952) (parent may not be divested of custody of child unless child is found to be dependent). Thus, in appealing the dispositional order, Brown also brought *759 up for review any proper challenge to the dependency order. The fact that he did not directly attack the dispositional order in his brief is irrelevant. By disputing the finding of dependency, he also necessarily attacked the foundational validity of the dispositional order.[2]
The Court of Appeals has properly embraced this view in other decisions. In In re Dependency of J.W.H., 106 Wash.App. 714, 24 P.3d 1105 (2001), rev'd on other grounds by 147 Wash.2d 687, 57 P.3d 266 (2002), an appeal was taken challenging only the findings of dependency, although the dispositional orders were designated in the notice of appeal. As it did in this case, the State argued that the issue of dependency was not appealable because only dispositional orders may be appealed as a matter of right. But the Court of Appeals considered the merits of the appeal because the appellants "identified the orders of disposition in their notice of appeal," and "[s]pecifically ... assign[ed] error to the bases of the orders, the findings of dependency." J.W.H., 106 Wash.App. at 720, 24 P.3d 1105.
More recently, in In re Dependency of E.L.F., 117 Wash.App. 241, 70 P.3d 163 (2003), the court similarly held that a parent appealing a dispositional order is entitled to review of the dependency finding as a matter of right. The court recognized that "[i]t would be pointless to require an appellant to mount a pro forma attack upon specific provisions of the dispositional order, if the appellant's only real interest is in reversing the finding of dependency and thereby eliminating the dispositional order altogether." E.L.F., at 244, 70 P.3d 163. The court in E.L.F. purported to distinguish the present case, but on the issue of appealability the two cases are indistinguishable. Like the parent in E.L.F., Brown designated both the dispositional order and the dependency order in his notice of appeal and assigned error only to the dependency order. See T.J.B., 115 Wash.App. at 185, 62 P.3d 891.
The Court of Appeals reliance here on In re Chubb, 112 Wash.2d 719, 773 P.2d 851 (1989), is misplaced. In Chubb, we held only that an order of continued dependency following a dependency review hearing is not appealable as a matter of right. We did not consider whether the original finding of dependency may be reviewed pursuant to an appeal from the dispositional order.
In sum, the Court of Appeals erred in treating Brown's appeal as a motion for discretionary review.
But in practical effect, the court addressed the merits of Brown's argument that the dependency finding was not supported by substantial evidence. See In re Welfare of Key, 119 Wash.2d 600, 613, 836 P.2d 200 (1992) (finding of dependency reviewed for substantial evidence). Therefore, in the interest of judicial economy, we will not remand this case to the Court of Appeals for formal treatment as an appeal, but will directly provide Brown the review of right to which he is entitled.
Brown argues that the trial court erred in looking solely to past conduct for evidence of present parental unfitness. Brown is correct that past history is only a factor that may be considered in weighing a parent's current fitness. See In re Dependency of J.C., 130 Wash.2d 418, 428, 924 P.2d 21 (1996). But contrary to Brown's argument, the trial court did not base its dependency finding solely on past conduct. It determined, rather, that although Brown was making commendable effort toward alleviating the problems that led to T.J.'s removal from his care, he had yet to show he could provide a stable home that posed no danger of substantial damage to the child's physical or psychological health. See RCW 13.34.030(5)(c). The court acknowledged that *760 the case was close, but it emphasized that it was in T.J.'s best interest to continue the dependency for a time to provide Brown the chance "to establish a safe and stable environment, polish parenting skills and demonstrate that there are no issues of alcohol abuse that could affect the child."[3]
Brown fails to demonstrate the absence of substantial evidentiary support for the trial court's decision. The fact that he had found a job and at least temporary housing not long before the dependency hearing does not undermine the court's finding. The court required Brown to establish some degree of stability, which he had yet to do. The dependency order was supported by substantial evidence.
Accordingly, the order of dependency is affirmed.
NOTES
[1] Because the son is also named Timothy, for clarity we will refer to him as T.J.
[2] This result does not depend on the fact that Brown also designated the dependency order in his notice of appeal. Even if he had designated only the dispositional order, he could have challenged the dependency order, since an appellate court may review an order not designated in the notice if it prejudicially affected the designated decision and was entered before review was accepted. RAP 2.4(b). The dependency order "prejudicially affected" the dispositional order, since the dispositional order could not have been entered without a finding of dependency. See Adkins v. Aluminum Co. of Am., 110 Wash.2d 128, 134-35, 750 P.2d 1257, 756 P.2d 142 (1988).
[3] Clerk's Papers at 101.